## No. 12,823.

## KANSAS CITY, SHREVEPORT & GULF RAILWAY COMPANY VS. THOMAS J. DAVIS, SHERIFF AND TAX COLLECTOR, ET ALS.

Once an assessment has been completed and the roll has been deposited in the clerk's office and a copy thereof delivered to the tax collector for the col-

Railway Co. vs. Sheriff and Tax Collector et als.

lection of taxes, neither the correctness of the levy nor the assessment can be tested in a proceeding contradictorily with the tax collector alone.

APPEAL from the Twelfth Judicial District Court for the Parish of Vernon.   *Read, J.*

*J. McD. Trimble*, General Solicitor, *J. G. Park*, Assistant Attorney (*Pujo & Moss*, of Counsel), for Plaintiff, Appellant.

*J. Henry Shepherd* for Defendants, Appellees.

Argued and submitted June 4, 1898.
Opinion handed down June 13, 1898.

The opinion of the court was delivered by

WATKINS, J.   This is an injunction suit which seeks to restrain and prohibit the defendant from seizing and selling certain described property of the plaintiff on the ground thatt he tax sought to be collected is illegal and void and not enforceable.

The judgment of the District Court sustained the defendant's exception of no cause of action, and decreed the defendant " ten per cent. on the amount enjoined by the suit as attorney's fees," and from that judgment the plaintiff has appealed.

The plaintiff avers that it is the owner of a certain railroad track in the parish of Vernon, and on the 17th of August, 1897, the parish assessor delivered to the tax collector thereof " a certain alleged assessment roll" whereon was charged a tax of two thousand seven hundred and forty-five dollars and twenty-eight cents on 35.64 miles of track and roadbed, upon a valuation of five thousand five hundred dollars per mile, against the Kansas City, Pittsburg & Gulf Railway Company.

That said tax is illegal, false and untrue in the following particulars, viz.:

That neither the said Kansas City, Pittsburg & Gulf Railway Company nor petitioner owned any completed railroad in said parish on the 31st of May, 1897, and that said Kansas City, Pittsburg & Gulf Railway Company does not now and never has owned any railroad track of any character in said parish; that said assessment is irregular and illegal in the following respects, viz.:

1. That no railroad track of petitioners was in existence on January 1, 1897 in said parish, and that said assessor "made no examination of the mortgage and conveyance records thereof, as to the title to, or quantity, or value of petitioner's track therein."

2. "That said assessor did not in person or by deputy visit the domicile or any office of petitioner for the purpose of filling out any tax list of the property of petitioner;" and that it never had any notice, or opportunity to fill out a tax list showing the quantity and value thereof.

3. "That said assessment list and estimate of the valuation of said property was not completed by said assessor until long after January 1, 1897, to-wit: August 17, 1897."

4. "That no assessment of petitioner's railroad in said parish, pursuant to Act 92, approved July 12, 1888, had ever been reported to said assessor."

The averment is then made that the tax collector and the parish of Vernon are threatening to seize and sell petitioner's property for the purpose of enforcing the payment of said tax; and that unless restrained by injunction they will seize and sell the same.

On the foregoing allegations, the plaintiff prays that the tax collector and the parish of Vernon be cited and enjoined, that its injunction be maintained and perpetuated; and that it have judgment in its favor "decreeing said tax to be illegal and void and of no effect."

This suit was filed and the injunction granted on the 5th of March, 1898—more than six months after the assessment roll had been completed, filed in the mortgage office, and a copy thereof had been delivered to the tax collector.

To this suit the parish assessor was not, at first, made a party defendant; but the president of the police jury was duly cited, and the tax collector accepted service and waived citation. The assessor was cited subsequently. The defendant, tax collector, by counsel, excepted to the jurisdiction of the District Court of the parish of *Vernon* to try and decide this suit; and he averred that the only court which can exercise jurisdiction over, or render judgment in this cause, is that in which the parish of *Sabine* is situated, for the reason that the president of the Board of Commissioners, who is charged with the assessment of plaintiff's property, resides therein.

He avers that the injunction herein is illegal and vexatious, and that defendants are "entitled to damages as attorney's fees of ten per

Railway Co. vs. Sheriff and Tax Collector et als.

cent. on the amount of tax enjoined,'' and he prays for judgment in the sum of two hundred and seventy-four dollars and twenty-eight cents against the plaintiff.

It seems that this plea was tried and overruled, and that fact is conceded in the argument, and it also appears from an admission in the record.   For the defendant tax collector tendered a plea of no cause of action, and prefaced that plea by a reservation of all of his rights under his previous plea to the jurisdiction of the court; and on that plea he renews his demand for attorney's fees of ten per cent. on the amount of the tax enjoined.

But the defendant tax collector reserved no objection to the ruling of the court, and tendered no bill of exceptions thereto, and no issue was joined with either the assessor or the president of the police jury.

Reduced to a last analysis, the question for decision is no cause of action *vel non*, and it is to be determined alone and exclusively between the railway company and the tax collector.

On the foregoing pleadings the contention of the defendant is that this is an attempt to have an assessment corrected for alleged formal defects which the plaintiff asserts to have existed in the preparation and confection of the assessment rolls, more than six months subsequent to their completion, and a certified copy thereof had been delivered to the tax collector preparatory to the collection of the taxes which had been extended thereon.

This theory of the defendant is emphasized by the plaintiffs' averment that the tax assessor had delivered the assessment roll to the tax collector on the 17th of August, 1897, prior to the filing of this suit in March, 1898, and that because of his attempted collection of said tax by a threatened seizure and sale of its property, an injunction was necessary.

His contention is, that even considering this suit to be one for the correction of an assessment (but we are of opinion it is not), it came too late, and was not instituted against the proper parties; or in other words, that a suit having that object in view can not be properly and legally conducted against the tax collector.

The provisions of the revenue law applicable to this relief are as follows, viz.:

"That all taxpayers shall have the right to appear before *the borad of assessors* of the parish of Orleans between the first and twentieth

67

of March of the year in which the assessment is made, and *in other parishes before the board of reviewers on or before the first day of November of the year in which the assessment is made,* as provided for in this act, during the session of said board, and be heard concerning the description of the property listed and the valuation of same as assessed, and they shall have the right of testing the correctness of their assessments *before the courts of justice* in any procedure which the Constitution and the laws may permit; *but the action to test such correctness shall be instituted on or before the first day of November in the year in which the assessment is made.*" Section 27 of Act 98 of 1898.

And the contention of the defendant is that any proceeding intended to correct the assessment should have been filed prior to the first day of November in the year in which same was made, and that as the plaintiff has failed to observe that requirement of the law his suit is out of time.

Questions of this kind have been frequently before this court and similar revenue statutes have been repeatedly interpreted. The following decisions are pertinent and instructive, viz.: City of New Orleans vs. Canal Bank, 32 An. 157; Gay vs. Board of Assessors, 34 An. 370; Adler, Goldman & Co. vs. Board of Assessors, 37 An. 507; Shattuck & Hoffman vs. City, 39 An. 206; Oteri vs. Parker, Tax Collector, 42 An. 374; Factors and Traders Insurance Company vs. Levi, 42 An. 432.

Not only so, but the contention of the defendant is further to the effect that once the tax has been levied by the proper authority and by the parish assessor extended upon the assessment roll and the tax roll has been placed in the hands of the tax collector for the purpose of collecting the tax, the regularity and validity of the assessment can not be tested in a suit against the tax collector.

The case of Gaither vs. Green, Tax Collector, 40 An. 362, presents and decides that question squarely—the question being the constitutionality and legality of the five-mill district levee tax.

In the course of our opinion we said:

"It is equally clear to our minds that this is a collateral proceeding—a third opposition, coupled with an injunction against the enforcement of the tax, and wherein the tax collector is the *sole* defendant.

" The law has confined the levy, assessment and collection of the special tax in question to three sets of officials:

" 1. Its levy to the Board of Levee Commissioners.

" 2. Its extension on the assessment roll to the parish assessor.

" 3. Its collection to the State tax collector.

" There is between their respective duties a line of demarcation that is well defined and clear.

" It is essential to the validity of the tax that proper and legal proceedings should be taken in its levy and extension upon the assessment roll, because it is through the correct performance of the duties assigned that the tax is brought into existence. But once *in esse* and the tax roll placed in the possession of the collector the levying and assessing officers cease to have any relation to the tax, and are *functus officio*.

" *At this stage the legality of neither the levy nor assessment can be tested by either injunction or mandamus, directed against the collector alone.*"

That decision is altogether appropriate to the present controversy and supports the contention of defendants as it appears in counsel's brief:

" From the face of the petition it is clear that the tax roll is no longer in the hands of the assessor. He is without power to change it. From the moment of filing it in the clerk's office his control is gone, and he has no more power over it than the coroner of the parish. He has become *functus officio*."

The argument of plaintiff's counsel is to the effect that its petition disavows the ownership of the property taxed, and it can not, therefore, be taxed for its value. But the averment is that "it never owned any *completed railroad* "—quite a different thing. Substantially plaintiff's complaint is that when the assessment was made its road was in an *incomplete condition*, and consequently an assessment of it as a *completed* road was an erroneous assessment.

We are of the opinion that the judgment is correct in so far as it sustains the defendant's plea of no cause of action; but we think it erroneous and illegal in at the same time awarding the defendant damages at ten per cent. on the amount of the tax enjoined.

The maintenance of the plea of no cause of action necessarily puts the case out of court in its entirety. It is true that the dissolution of plaintiff's injunction results; but the situation is different from that of an injunction having been dissolved on rule.

In so far as the judgment awards the defendant damages is con-- cerned, we are of opinion that it must be amended and the damages disallowed, with full reservation of the defendant's right in that respect.

It is therefore ordered and decreed that the judgment appealed from be amended by rejecting the defendant's demand for damages; and that, as thus amended, same be affirmed, the defendant's right toclaim damages in some other proceedings be reserved, and that he be taxed with costs·of appeal.

MR. JUSTICE BLANCHARD takes no part in this decision.