The opinion of the court was delivered by
Watkins, J.
Petitioner demands of the First African Baptist Church, a religious corporation, the sum of $6,614.00, as the balance due him on the contract price of $9,200.00 for the erection and construction of a church edifice on its property, situated in square No. 361, *1509 bounded by Howard, Cypress, Julia and Ereret streets, measuring 92 feet front on Howard street and 80 feet in the rear, by 125 feet in depth.
He alleges that he made a written contract with the defendant on the 15th of October, 1889, for the performance of the work, in which all the details of the agreement are set forth; and that payments were to be made for workmanship and the materials to be furnished in the manner following, viz:
(1) The first payment was to he made when the old church building was taken down and foundations for a new one were laid, $1,028.57.
(2) The second payment was to he made when the frame of the first story of the new building was erected, $1,028.57.
(3) The third payment was to be made when the framing and sheeting were completed, $1,028.57.
(4) The fourth, fifth, sixth and seventh payments were to be made at the intervals stated in the contract.
He alleges that he faithfully performed his part of the contract, and for the purpose of fulfilling the same, expended $5,800.00 in work, expenses and materials furnished; and that the defendant made default in the payment of the third instalment due under the contract.
That it refused to permit him to proceed with the work and employed another contractor; and that it illegally combined with the Mutual Loan and Building Company to defeat his rights, while benefitting themselves with the labor and materials he had furnished and expended.
The petition attempts an explanation of a former suit he instituted on the demand now made in the suit entitled Paul Chapman vs. The Old African Baptist Church, No. 31,066 of the Civil District Court, which was filed on the 4th of October, 1890, in which he obtained a judgment by default for a portion of his demand, and upon which he issued execution, caused a sale to be made, and thereat, purchased the building and improvements — charging fraudulent collusion and conspiracy between the corporation and the loan company in withdrawing from him knowledge of the fact that its trtie name was the First African Baptist Church and not the Old African Baptist Church.
He further alleges, that, acting under the honest belief that the true name of the corporation was the Old African Baptist Church, he instructed his mechanic’s lien to be thus recorded, and that the cor *1510 poration fraudulently and illegally took advantage of his error and mistake in its deal with the Mutual Loan and Building Company to defeat his rights thereon.
Plaintiff alleges that, in furtherance of this combination, the loan company instituted foreclosure proceedings against the First African Baptist Church, and that he appeared therein by way of third opposition and injunction, claiming ownership, but his opposition was dismissed — the company availing itself of the aforesaid mistake.
That in said executory proceedings, the property was sent to sale, and the seizing creditor bought same for $1,000.00, and immediately retroceded it to The First African Baptist Church for $6,000.00, on August 30th, 1897.
It is on this showing that plaintiff demands judgment against the defendant with recognition of his mechanic’s and builder’s lien on the property and improvements.
In limine, pleas of no cause of action and prescription of one, three and five years were filed and overruled, and thereupon, the defendant, the First African Baptist Church, filed an answer — the Mutual Loan and Building Company not having been cited.
The answer avers that while it is properly cited as The First African Baptist Church, the present organization is not the legal successor of the organization of the same name and which had expired by limitation of time — notwithstanding there are some of the members oí the new organization who were members oí the old corporation.
Denying the charges of simulation, collusion and fraud that are preferred by the plaintiff, the defendant sets up the title it derived in the executory proceedings mentioned in the petition from the loan company in the foreclosure of a mortgage; and it further pleads the benefit of the suit and judgment in Mutual Loan and Building Company vs. The First African Baptist Church, 49 Ann., 880.
The answer further charges, that at the time of the transfer by the first corporation known as the First African Baptist Church to the loan company, the plaintiff had abandoned his contract because the church corporation had failed to keep him supplied with funds; and that, as a member of the board of trustees and an officer of the church he was well acquainted with the situation of the affairs of the church and consented to the transfer lo the loan company, and which resulted in the subsequent sale and retrocession.
*1511 On the trial of the issues, thus stated, there was a judgment in favor of the defendant rejecting the plaintiff’s demands and the latter has appealed. .
A brief synopsis of the pertinent facts necessary to be considered is as follows, viz:
Chapman commenced work in the building of a new church edifice for defendant, and after receiving the second instalment of the price from the defendant, he discontinued operations on account of the inability of the hoard of directors to supply the necessary means to carry the work to its completion, and the inability of the plaintiff to furnish the money.
On that account, the building was left in an incomplete and unfinished condition.
One witness states it was finished as far as the framing and weatherboarding, and only a small portion of the sheathing was to be put up.
Many unavailing efforts were made by Chapman and the church directors to raise the necessary money. Finally, the Mutual Loan and Building Company was approached, and it eventually consented to advance $6,000.00 on condition that a clear and unencumbered title was made to it — the agreement being that the property was to be immediately reconveyed to the church corporation for the consideration of $6,000.00 on terms of credit for a period of ten years.
To this arrangement the church organization assented, and Chapman participated therein.
In order that there should be no liens upon the building, or property, the loan company required that a statement of all claims against either house or lot should be made up and placed in its possession to be acquitted out of the money loaned; and, accordingly, a conference was held between the church board of trustees and Chapman, and as a result thereof, it was agreed between them that his (Chapman’s) claim upon the building', in the condition it then was, should he fixed at $500.00. In addition to this sum, Chapman brought into the loan company various small bills which he owed upon the building, and they were all paid upon his approval; and he made no other or further claim.
He plainly and distinctly abandoned all further claim upon his building contract; and the residue of the money loaned was employed by the loan company in completing the church edifice.
*1512 That subsequently to the foregoing arrangements having been perfected, Chapman was invited to compete for the job of finishing the church on condition that he should furnish security, and that he tout the matter under consideration and offered the name of a person who had consented to become his surety; but that he subsequently withdrew his offer.
The fact that as a result of the conference, the balance of the indebtedness of the church was fixed at $500.00 is established by the testimony of quite a number of witnesses.
Not only is this statement made by a number of witnesses, but he (plaintiff) authorized the church organization to make a settlement with the loan company on that basis, and that sum was actually paid to him upon his approved account.
It seems quite clear and undoubted that the settlement was a perfectly fair and reasonable one, considering the fact that Chapman had contracted to furnish the material and perforin the work; and that he had been paid the two first instalments on his contract.
Having accepted this settlement, and by this means induced the loan company to make the advance to the church organization of $6,000.00 on the belief that the property was free of incumbrance, the plaintiff is without legal right or equity, to complain of the transaction as fraudulent, or a deprivation of his legal rights.
The church organization having made default on its debt, the loan company instituted foreclosure proceedings on its mortgage and purchased the property at sheriff’s sale; and thereafter conveyed same to the new organization styled the First African Baptist Church, on the 30th of August, 1897 — the former organization having bought said property from the Mutual Loan and Building Company in 1889.
The significant fact is, that Chapman filed a third opposition to the loan company’s foreclosure proceedings, and his demand was rejected. He prosecuted two appeals to this court from the judgment rendered, and his appeals were dismissed. He then instituted this suit and the court again decided against him. We think it entirely clear that his claim and pretensions are without any foundation in fact, as in law.
It is not at all necessary that we should enter into any discussion of the technical grounds of objection which have been urged with regard to the reorganization of the church corporation; for conceding that they are the same, we think it is fully established by the evidence that *1513 the loan company acquired a clear title, and conveyed the same to the defendant; and thalt it was the result, in great part, of the active assistance and co-operation of the plaintiff. And, he is equally without right to urge against the defendant any personal and pecuniary damages.
Judgment affirmed.
Nicholls, O. J.
T think the plaintiff’s .rights, under his judgment, if any he has, should be reserved.
Blanchard, J., dissents.