No. 13,709.

MISS JOSEPHINE BEUGNOT vs. HENRY TREMOULET.

SYLLABUS.

This case directs method of execution of former judgment of this court.

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*Solomon Wolff,* for Plaintiff, Appellee.

*Charles Louque,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. This cause is for the second time here on appeal. In December 1899 the first appeal was decided. See 52 La. Ann. 455.

The decree of this court then was as follows:

"It is ordered and decreed that the judgment appealed from, in so far as it allows defendant the charge of $411.49, being 2½ *per cent.* com-

missions on $16,459.64 collected and administered by him, be affirmed, and in other respects the said judgment be reversed and the case re-- manded to be proceeded with according to the views herein presented and the law."

The opinion of the court on that appeal settled several matters then in dispute and at issue, and removed the same beyond the domain of further controversy.

Among others, it settled that the defendant became the agent of the plaintiff to act for her, represent her, collect, receive and receipt for moneys coming to her from her grandfather's estate, and that the agency had continued for about eleven years when the suit was filed, April, 1898.

It settled that defendant during this agency collected from time to time various sums of money for account of the plaintiff, and made her various remittances extending through the period of the agency.

It settled that funds of the plaintiff which had come into defendant's hands, and which had not been remitted her, were mingled with his own funds, and that he used his own money and that of plaintiff, thus mingled, as a common fund with which he purchased stocks, bonds, etc., in his own name and for his sole account.

It settled that defendant having used his principal's funds in his own affairs was answerable to her for interest on the same, and that he should account to her for five per cent. per annum interest upon such funds of hers so used from the time the same were so employed, and this according to the rule laid down in C. C. 2164—that of partial payments.

It settled that the interest to be thus accounted for should not be computed beyond the date of the payment by defendant of the amount awarded against him by the trial court—this for the reason that, had the plaintiff at the time she filed her suit properly set forth her demand against him, there would have been final settlement of these affairs on the first trial, and that since it was largely because of her fault in pleading the case had to be remanded, she should not in good conscience be permitted to demand interest for the delay which she herself had occasioned.

The case was remanded that plaintiff might amend her pleadings to present her demand in proper form, and in order that the parties litigant might, contradictorily with one another, fix the amount and dates on which and from which interest was to be computed, credits given,

etc. In other words, to have adjusted on the second trial the accounts between them on the basis laid down in the opinion of the court.

In his account filed on the former trial of the case, defendant had made no allowance of interest to plaintiff on funds of hers he had received and used. His account merely gave amounts of moneys received for her and dates when received, and amounts remitted her from time to time and the dates of remittances. He having mingled her funds with his own and employed the same for his own use, was answerable for interest thereon, and this court might have, in its former judgment (and said so at the time), taken the account as a basis for a decree against him, figuring out what he owed on an allowance of interest against him according to the rule of partial payments.

But it was considered that defendant may not have used for his own purposes all the funds of the plaintiff which his account showed and which had not been remitted, and might be able to make a satisfactory showing in this regard on another trial, thus, perhaps, relieving himself of interest on part of the amount. Accordingly, partly at least in his interest, in order that he might make this showing if it were possible to make it, the cause was remanded.

When the case was thus returned to the trial court, plaintiff filed a supplemental petition amending her pleadings in conformity with the views expressed by this court.

The prayer of this petition was that an accounting be had between herself and the defendant and that there be judgment in her favor and against the defendant for such sum as might be found still due her under the view taken by this court in its former opinion.

Defendant could have met the issues thus presented by filing an amended account of his stewardship, made out in conformity with the rules laid down by the judgment of this court.

All the facts necessary to this end were peculiarly within his knowledge.

He did not do this, but, instead, filed exceptions and answer seeking to bring again in contest matters settled previously, and urging grounds against the validity of the judgment rendered by this court.

These require no notice at our hands.

The parties went to trial and as the result of the same the District Judge rendered a judgment which was tantamount to continuing the case in order that the defendant might file an account of his agency

to conform to the facts found by this court in its former opinion, and the views therein expressed, and directing him so to do.

From this judgment defendant prosecutes this appeal.

We find no error in the decree of the trial court and the same is affirmed.

Should defendant fail to avail himself of the opportunity thus for the second time offered him of recasting his account on the lines laid down by this court and in conformity with its views, it is ordered that the District Judge proceed to an adjustment of the accounts between these parties litigant, taking as a basis for same the former account filed by the defendant and calculating legal interest against him on all sums received by him, from the dates of reception, according to the rule of partial payments.

It is further ordered that the costs of this appeal be borne by the defendant.

Rehearing refused.