LAND, J.
In October, 1890, Paul Chapman sued the “Old African Baptist Church” for $6,614.13, alleged to be due on a certain building contract, which, after partial performance, was abandoned through the failure of the church to make provisions for payment of the third installment of the contract price.
In November of the same year judgment by default was confirmed for the sum of $1,421.90, with 5 per cent.' per annum interest thereon from October 4, 1890, until paid, and costs, with recognition of lien and privilege on the building and lots of ground described in the petition.
In May, 1894, a writ of fieri facias issued on said judgment, and the sheriff seized, advertised, and exposed for sale said property, which, however, was not sold for want of bidders at two-thirds of its appraised value. The property was, however, subsequently adjudicated to Chapman at a sale under an alias writ. The work contracted for by Chapman was completed by the Mutual Loan & Building Company, which, according to its rules, took title, and subsequently conveyed the property to the First African Baptist Church, retaining a vendor’s lien *353 and mortgage as security for the loan made to said institution.
The church organization, having made default on its debt, the loan company instituted foreclosure proceedings. Chapman filed an opposition to these proceedings, but all his claims were rejected by judgment of the district court, and his two appeals therefrom were dismissed by this court. The loan company purchased the property at the foreclosure sale, and conveyed the same in August, 1897, to the “First African Baptist Church,” which had been incorporated in the previous June.
It may be here stated that the charter of the former church organization of the same name and style, but commonly called “Old African Baptist Church,” expired by limitation in August, 1890, and the suit of Chapman against said corporation was instituted on October 4, 1890.
It further appears that Paul Chapman instituted suit against the “First African Baptist Church,” incorporated in 1897, on the same cause of action set up in his original suit against “Old African Church.” The demand was made on the theory that the last organization was the successor of the former, and therefore responsible for its debts.
The defendant in said suit averred that it was not the legal successor of the organization of the same name, which had expired by limitation of time, set up its title derived from the loan company, and pleaded the benefit of the judgment in its favor against Chapman on his opposition, and on the merits averred that all of his claims against the former church had been by amicable agreement fixed and settled before the transfer of the property to the loan company, and that he, being at the time an officer of the church, had consented to said transfer.
In the district court there 'was judgment in favor of the defendant, rejecting plaintiff’s demands, and the latter appealed to the Supreme Court. The judgment was affirmed on. appeal; the court saying in conclusion:
“It is not at all necessary that we should enter into any discussion of the technical grounds of objection which have been urged with regard to the reorganization of the church corporation, for, conceding that they are the same, we think it is fully established by the evidence that the loan company acquired a clear title, and conveyed the same to the defendant, and that it was the result, in great part, of the active assistance and co-operation of the plaintiff. And he is equally without right to urge against the defendant any personal and pecuniary damages.”
Nicholls, C. J., concurring, said:
“I think the plaintiff’s rights, under his judgment, if any he has, should be reserved.”
On application for rehearing, whatever rights Chapman might have had under the judgment against the “Old African Baptist Chnrch” were reserved! This decision was rendered in June, 1900. See 52 La. Ann. 1508, 27 South. 952.
In the same month and year Chapman filed a petition for the revival of the judgment rendered November 11, 1S90, against the Old African Baptist Church. In this petition it was represented that the said corporation was the same as the First African Baptist Church, having for its president Henry Harris, “the old charter upon expiration having been renewed,” and the latter corporation was cited to answer the petition. In its answer the new organization denied identity or connection with the “Old African Baptist Chnrch,” and averred that the charter of the latter expired by limitation on August 27, 1890. The answer further set up the proceedings and judgments in the litigation between Chapman and the loan company, and the suit brought by him against the respondent already referred to. The answer concluded by reiterating the averment that the respondent was not the same corporation against which the judgment had been rendered, that respondent could not he held responsible for the debts of the former corporation, and, lastly, that *354 the judgment sought to be revived was rendered without citation. Chapman died pendente lite, and his widow and universal legatee was substituted as plaintiff. The case was tried on its merits, and there was judgment in favor of the First African Baptist Church, rejecting the demand for revival of judgment. Plaintiff thereupon filed a motion for a new trial, which was overruled by the court, and there the suit for revival terminated.
On March 26, 1903, Eugene M. Fox, executor of the succession of Mrs. Paul Chapman, filed a supplemental petition under the caption of “Paul Chapman v. First African Baptist Church, alias Old African Baptist Church.”
This petition alleged that the official name of the original defendant was the First African Baptist Church, and that the original citation was duly served on its then president; that before judgment by default was entered in the premises the charter of the corporation had expired; that in ignorance of this fact plaintiff entered default and confirmed judgment; that subsequently, however, the court held that, although the original citation, made before the expiration of the charter, was valid, all proceedings after the date of said expiration of the charter were unauthorized in law, null and void; and that the petitioner’s only remedy was to prosecute the claim under the valid citation, as if such subsequent proceedings had not taken place. The petitioner reiterated the allegations of the original petition, and prayed for service of the supplemental petition, with citation on the First African Baptist Chur.ch, alleging that its charter had been renewed in due form on June 15, 1897, and for judgment against said corporation for $6,614.13, with legal interest from judicial demand, 18th October, 1890, and with lien and privilege on the church building and grounds as described in the original petition.
The defendant filed exceptions, which were overruled, and, reserving the benefit of the exceptions, answered. Respondent averred that it was neither the successor of nor the same corporation as the First. African Church, against which the original suit was instituted, and that the charter of said corporation expired by limitation in August, 1890; that at said date the former corporation owned the church building and grounds upon which it stood, which was burdened with a mortgage and vendor’s lien and privilege in favor of the Mutual Loan & Building Company; that said company foreclosed its mortgage on said lot and building, which was the only property owned by the corporation, and at the sale became the purchaser for a sum less than the amount of the mortgage claim; that Paul Chapman intervened in said proceedings, and asserted all his claims against the church corporation under his contract and under the judgment rendered in his favor herein, and was cast in said suit; and that his appeals to the Supreme Court from the adverse judgment rendered on his opposition were dismissed.
The answer further sets up the issues, proceedings, and judgments in the ease of Paul Chapman v. First African Baptist Church, reported in 52 La. Ann. 1508, 27 South. 952, and concludes by pleading all of the judgments set up in the answer as res judicata.
The cause was tried, and there was judgment in favor of the defendant corporation, from which the plaintiff prosecutes the present appeal.
The supplemental petition admits the nullity of the original judgment, but avers that the citation was valid because served before the expiration of the time of the original charter. This is an error of fact, as it appears that the act of incorporation is dated August 23, 1865, and its term of existence was 25 years from said date. Hence the charter expired on August 23, 1890. Suit was not filed until October 4, 1890, and the citation was served on October 18th of the *355 same month. If the judgment rendered on such service was null because rendered against a defunct corporation not properly represented before the court, the citation and service was also null for the same reason.
In November, 1897, Paul Chapman sued the church, organized in the same year, as the same church organized in 1865, and whose charter expired in 1890. In short, Chapman abandoned the first suit, and ignored the judgment therein rendered, and brought a distinct suit against the new church on the same state of facts set forth in his original petition filed against the old church. Chapman’s demands were rejected by the district court, and he appealed. The judgment was affirmed by this court, which held that on the merits of the ease the appellant had no case against either church corporation. The record, however, showing that Chapman had obtained judgment against the “Old African Baptist Church,” the court reserved whatever right he might have, if any, under said judgment.
Chapman then brought suit to revive said judgment against the church corporation organized in 1897, but his demand for a revival was rejected by a final judgment of the district court. The court either found that the original judgment was null and void for want of proper parties, or that it was not binding on the new church corporation as the alleged successor of the old corporation. Taking either horn of the dilemma, the court held that the judgment was not operative against the present defendant. In November, 1900, the judgment was extinguished by the prescription of 10 years, and ceased to exist as to the whole world.
The pleader recognized the nullity of the judgment in the petition filed in the present case, and his supplemental petition is but an attempt to renew the litigation which was disposed of by the court in the case reported in 52 La. Ann. 1508 et seq., 27 South. 952. The judgment of this court therein was that Paul Chapman's claim and pretentions were without foundation in fact as well as in law, but, through abundant caution, the court reserved whatever rights, if any, he had “under the judgment against the Old African Baptist Church.” The court realized that, while the plaintiff had no claim on the merits against either church organization, he still had a judgment against one of them, which, on the principal of res judicata, might possibly be enforced.
The reservation was restricted to rights under the judgment, leaving the decree of this court absolute and conclusive on the merits of the controversy between the parties.
Judgment affirmed.