PROYOSTY, J.
Defendant, as survivor ' in community, has the usufruct of the property of her children. Two of the children, • one of whom was the wife of plaintiff, having died, plaintiff instituted this suit for the ■ double purpose of having it declared that • defendant’s usufruct of the share of her deceased daughter had terminated, and of compelling defendant to elect whether she de- ■ cided to accept or renounce the succession of her said daughter. On a former appeal this •court rejected the first of these demands, but maintained the second, and I’emanded the case in these words:
“And the case is hereby remanded to the District Court, Division A, for execution of this ■decree, by ordering defendant to elect whether •she accepts or renounces these successions, as -an heir, as before mentioned.”
In the lower court plaintiff took a rule on ■defendant to show cause why she should not make the election required of her and why an inventory should not be made of the property of the succession of her husband, the father of the deceased daughter.
Defendant first excepted that she could not be required to make the election until after the termination of a certain suit which she had brought to set aside the will of her daughter, and to have herself declared to be the heir of her daughter, and, as such, entitled to her succession. She, then, with full reserve of her exception; filed a formal acceptance of the said succession. The acceptance, however, was not signed by her, but only by her counsel, and the court would not accept it, but ordered her to file a formal acceptance or renunciation. The court, furthermore, ordered an inventory to be made as prayed.
In this court counsel argues that the filing of the suit by defendant to annul, the will of her daughter, was in itself an unconditional acceptance of the succession of her daughter, since she in said suit took unqualifiedly the quality of heir. But we think with the learned judge a quo that defendant should have obeyed the judgment of the court by filing a formal acceptance or renunciation of the succession, and by a formal acceptance we mean one signed by herself. She, therefore, will have to bear the costs of the proceedings in the lower court.
In so far, however, as the judge a quo ordered an inventory to be made, he, we think, went beyond the purpose for which the case was remanded and beyond the decree of this court. The decree was simply that defendant make the election in question.
The judgment is therefore affirmed, in so far as it orders defendant to make a formal declaration as to whether she accepts or renounces the succession of her daughter and condemns defendant to pay the costs of the lower court; and it is set aside in so far as it requires an inventory to be made, and that part of the demand of the plaintiff in rule is now dismissed. The appellee to pay costs of appeal.