(49 South. 199.)

No. 17,531.

STATE v. BERTRAND et al.

(April 12, 1909.)

1. FORFEITURE OF BAIL BOND.

The bond was forfeited. The judgment was signed.

2. FAILURE TO APPEAR.

The principal failed to appear and respond to the accusation as required by the conditions of the bond.

3. FAILURE OF SURETY TO PRODUCE PRINCIPAL.

The surety did not produce in court the body of his principal within the time required by the statute in such cases, and made no showing relieving him from that responsibility.

4. ORDER TO SHOW CAUSE.

The surety took a rule on the district attorney to show cause why the judgment of forfeiture should not be declared satisfied.

5. BAIL (§ 79*)—IN CRIMINAL PROSECUTIONS—RELIEF FROM FORFEITURE — SURRENDER OF PRINCIPAL—TIME.

The court on this objection of the state declined to admit any evidence on the trial of the rule trenching on the judgment of forfeiture on the ground that the judgment rendered was final, and that issues embraced in that judgment could not be reopened after the statutory time within which to make such a motion had elapsed.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 79.*]

6. NO TRIAL OF PRINCIPAL.

The principal had not been timely tried.

7. APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE.

His appeal presented no ground upon which it was possible to set aside the forfeiture of the bond.

There must be an end to litigation as well in matter of bonds taken in criminal cases as in other cases.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

Eugene Bertrand and Odette Duval having been arrested for an offense, they were released on bonds signed by Joseph Bonomo as surety, and the bonds were thereafter forfeited for failure of the principals to appear. Subsequently Bonomo moved to declare the judgment of forfeiture satisfied and himself dismissed from further liability, which was denied, and he appeals. Affirmed.

See, also, 122 La. 856, 48 South. 302.

Paul Charles Lassalle, for appellant. St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty., for the State.

BREAUX, C. J. A judgment of forfeiture was rendered in the criminal district court on the 2d day of October, 1908, and duly signed.

From this judgment, an appeal was taken to this court.

The judgment of the criminal district court was affirmed on the 18th day of January, 1909.

No rehearing was asked for in the Supreme Court within the legal delays for such rehearing.

The judgment became final on February 3, 1909, a few days before the motion to declare the judgment satisfied was filed in the criminal district court.

On the 10th of February, 1909, the surety on the bond, Joseph Bonomo, appeared before the criminal district court and moved that the judgment on the bond of the defendants and their surety be decreed satisfied.

This motion was heard in the district court.

On its hearing the parties, plaintiff in motion, offered to prove that Bertrand, one of the defendants, whose bond he signed as surety, was in the parish prison.

At the time that this offer to prove that the accused was in custody was made, the state, through her prosecuting officer, moved for the dismissal of the surety's motion, in which the surety sought to have it decreed that the judgment is satisfied.

The grounds of the state's motion to have this motion dismissed were that the appellate court had declared the plaintiff in motion, Bonomo, was without interest in the cause, as he was only a stakeholder, and that the right he persisted in pleading had been settled by the judgment of that court and had become res judicata.

The defendant in motion also offered to prove that defendant Eugene Bertrand had not deposited with him any amount to secure him on the bond; that is, on the bond of Bertrand, principal.

For the state, above mentioned, the motion was sustained by the court, and the defendant was not permitted to prove that which he said he could prove; that is, that the surety had not received an amount from the principal to indemnify him. The contrary had been previously decided. See case with same title heretofore decided. 122 La. 856, 48 South. 302.

The time having elapsed between the date of the judgment of forfeiture and the date it is alleged the accused returned, it was impossible to reopen the issues and grant relief to the surety. The principal had been a fugitive from justice, and during the time that he was a fugitive he acquired no right by the appeal of his surety. The legislative mandate is clear upon the subject.

It is the duty of the district attorney to have the bond decreed forfeited if the principal breaks its conditions and fails to appear when called for.

We take up section 1032 of the Revised Statutes of 1870, amended by Act No. 76, p. 99, Acts 1898.

We pass without comment Act No. 17, p. 23, Acts 1900, as it contains the stereotyped phrase, "parish of Orleans excepted."

Under the first-cited section and statute, the forfeited bond may, at any time, within 10 days after notice of the judgment to the parties, be set aside "upon either the appear-

ance, trial, conviction of the party accused."

In this instance the principal on the bond did not appear in time. He appeared some three months after the bond had been forfeited.

Even to this day, taking the allegations as true, he has only appeared in court. Nothing in matter of trial has been done. The appearance bond has not been satisfied.

Learned counsel for defendant cited State v. Alexander, 46 La. Ann. 550, 15 South. 361, which we do not consider pertinent to the extent of requiring us to reverse the decision of the district court.

The next-cited decision goes further than any other. None the less, it can give no relief here. State v. Schexneider, 45 La. Ann. 1445, 14 South. 250.

The defendant in the cited case had been convicted. He had made his appearance before the term of court expired. It was considered that he had made his appearance in time to save his bondsman.

We will state before concluding upon this point that the lapse of time must be counted from the day that the judgment was rendered in the district court, and not from the date the judgment was handed down in the Supreme Court. Learned counsel for the surety urged that the time to appear and to move to set aside the forfeiture began to run from the date that the case is finally passed upon in the appellate court. We cannot agree with that view. The statute fixes the time—from the time that the bond is forfeited in the district court.

The appeal did not have the effect of enlarging the conditions of the bond and placing the surety in a better position than he would have been if no appeal had been taken in view of the fact that the lower court was affirmed.

Surety as a party without interest:

The court of the first instance held in regard to this point, upon that which it term-

ed an "admission," that the surety had received an amount from the principal to protect him from all loss as surety on the bond, and that he had no interest.

That question was again raised on appeal, and again on appeal the surety sought to avoid his admission and to recede from the position which he had previously taken.

As already stated, the court on appeal decided adversely to this position in the first appeal. 122 La. 856, 48 South. 302.

After the case had been remanded on the hearing of the motion made to set aside the forfeiture, the surety in the district court again sought to prove that he had not received any amount at all and to prove that his admission was an error.

The district court properly held that the question had been disposed of both in that tribunal and on appeal in the prior appeal.

We can only affirm that decision.

For reasons assigned, the judgment appealed from is affirmed.