(49 South. 200.)

No. 17,399.

BOYETT et al. v. CHICAGO, R. I. & P. RY. CO.

(April 26, 1909.)

1. NEGLIGENCE (§ 108*) — DANGEROUS PREMISES—ACTION FOR INJURIES—PETITION.

The petition in this case alleges that plaintiff's minor son was injured by the bursting of a water tank whilst he was waiting on defendant's property for the return of one of defendant's employés, whom he had called to see on business. It does not allege that he was engaged in any business for defendant, that defendant's employé was authorized by it to transact his own business or that of the minor on its property, that defendant had held out to the public or to the minor that the place selected by the latter was a safe or proper one for a stranger to wait while engaged in his own concerns, or that defendant was under obligation to provide such a place for such person so engaged.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 108.*]

2. SUFFICIENCY OF PETITION—NO CAUSE OF ACTION.

In other words, the petition does not show the violation by defendant of any duty which it owed to the minor or the plaintiff, and hence discloses no cause of action for damages.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by J. M. Boyett and others against the Chicago, Rock Island and Pacific Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Grisham & Hennis, for appellants. Barksdale & Barksdale, for appellee.

MONROE, J. Plaintiffs appeal from a judgment maintaining an exception of "no cause of action" and dismissing their suit. The petition alleges that defendant owns and operates a railroad in Winn parish; that on or about May 14, 1908, their—

"minor son went to see Charlie Vaughn on business, who was running a pump for defendants, pumping water into the water tank of the said defendants, at Dugdemonia Station on their road; * * * that, said Charlie Vaughn being absent from the pump for a short time, the said pump being in charge of another, * * * your petitioners' said son sat down on the west end of the first trestle of the approach to the Dugdemonia bridge, from the north, on defendant's road, to await the return of the said Charlie Vaughn, the pumper; * * * that their said minor son was sitting about 20 feet from their pumping station or boiler; that the railroad track, on the edge of which he was sitting, was used as a highway by foot passengers; that the Winnfield Hardwood Mill is located at that station, and that the yard of the said mill covers defendant's right of way at that place—that is, the part of the right of way between the water tank and the mill coming right up to said water tank, the mill being only 50 feet from it, and a footpath passing within 10 or 12 feet from it; that the railway station and houses are only a few feet distant from both the water tank and the pumping station; * * * that while their minor son was sitting there, waiting for the return of the railroad employé whom he had gone to see on business, sitting in a place where he had a right to be, without any warning or suggestion of danger whatever, the hoops from the water tank, which was full and running over with water, broke loose, and one of them was thrown against your petitioners' said minor son's right leg and broke it; * * * that this was a new tank, and the breaking of said

hoops was because of defective construction and building of said tank; that the hoops * * * were fastened with a patent lug, * * * but, when the tank was filled with water, the lugs, on account of defective construction, slipped off the ends of the hoops, letting the tank collapse as aforesaid," etc.

They allege that their son was without fault in the matter, that he has been damaged to the extent of $5,000, and they pray judgment for that amount, for his use.

The petition does not convey the idea that the minor was engaged in any business for the defendant company, or that defendant's employé, Charlie Vaughn, was authorized by it to transact his business, or the business of the minor on its property, or that defendant had held out to the public, or the minor, that the "west end of the first trestle of the approach to the Dugdemonia bridge, from the north," near its water tank, was a safe or proper place for a stranger to it to rest while engaged in his own concerns, or that defendant was under any obligation to provide such place for such person so engaged. In other words, the petition does not show the violation by defendant of any duty which it owed to the minor or the plaintiff, from which it follows that the exception of no cause of action was properly sustained.

Judgment affirmed.