On the Merits.
One of the main contentions of the appellant is that her injunction was dissolved ex *53 parte and without notice. The facts are that all the proceedings were had in open court; that the motion was filed on the fifth day of the session, and was called up and tried on the seventh day of the session; and that judgment was rendered on the thirteenth day of the session. Plaintiff’s attorney was present in court on the day the judgment was rendered, and did not move for a new trial, but took an appeal. The presumption is that the motion was properly called for trial, and that the proceedings were regular. It is elementary that “judicial action is presumed regular.” 1 Rice on Evidence, § 38. Judicial proceedings are presumed to be regular until the contrary be shown. 1 Hennen’s Digest, p. 489, No. 2. -Trials of motions and exceptions are regulated by the rules of the respective courts, and there is nothing to show that the motion in question was called for trial in violation of the rules of practice in the court below. The Code of Practice does not require service of notice in such cases, and such a practice is unknown in the country parishes.
The motion to dissolve sets up the insufficiency of the bond for injunction and the illegality of the order for the writ under the provisions of section 56, Act No. 170, p. 373, of 1898. The last paragraph of said section reads as follows:
“No injunction restraining the collection of any tax or taxes shall be issued by any court unless a bond shall first be given by the taxpayer enjoining, with good security for an amount equal to that of all taxes, interest, penalties and costs of the amount of taxes contested, and fifty per cent additional thereon included, and no injunction shall issue except to enjoin the collection of that portion of the tax which may be in contest, and no injunction shall issue against the collection of that part or portion in contest until the taxpayer shall have produced and filed the tax collector’s receipt showing that'the taxpayer has paid that portion of the tax which is not in contest, and which the taxpayer acknowledged to be due. No injunction against the collection of taxes or any part or portion thereof shall issue except after the issuance of a rule nisi, to be served on the tax collector, returnable in three days. Said rule shall be tried on the fourth day after service, summarily by preference, and the injunction shall only issue after judgment making the rule absolute, and then only for such portion or part of the tax in contestation as hereinbefore provided.”
As the total taxes enjoined amount to $926.28, it is evident that a bond for $500 was insufficient, and, as the order for the injunction issued ex parte without any rule on the tax collector, its illegality is patent.
It is argued, however, by counsel for the appellant that the paragraph just quoted does not apply to parish taxes. There is no force in this contention. The last paragraph of section 30 of the statute reads as follows:
“That the state and parish taxes shall be extended upon each of the copies of the roll to be delivered to the recorder and to the tax collector.”
And subsequent sections provide for the collection of parish taxes in the^same manner as state taxes. Section 56 in terms covers all “suits relating to taxes,” and the last paragraph provides that “no injunction restraining the collection of any tax or taxes shall be issued,” except under certain conditions.
The suggestion in argument that the said paragraph is unconstitutional cannot be considered, because no such plea was made below.
The last contention of the appellant is that the court below erred in allowing damages, and the case of Railway Company v. Sheriff & Tax Collector, 50 La. Ann. 1054, 23 South. 946, is cited. In that case the plaintiff’s suit was dismissed on exception of no cause of action, and as an incident the injunction was dissolved. The court distinguished the case from that of an injunction dissolved on rule, and therefore held that the statutory penalty did not apply, but at the same time reserved the right of the defendant to claim damages in some other proceeding.
The case of Orient Insurance Company v. Board of Assessors, 50 South. 778, 124 La. *55 872, is cited as authority for the proposition that the statutory damages are confined to state taxes.
This point was not considered in the opinion handed down in that case. There was no dispute as to the statutory penalty.
The penalty of 10 per cent, is upon the “aggregate amounts of taxes and penalties” to be collected, and for the reasons already stated the law makes no distinction between state taxes and parish taxes in the matter of their collection.
It is therefore ordered that the judgment be affirmed in so far as this court has jurisdiction in the premises, and that the costs of appeal be paid by the appellant.