(Court of Appeal, Parish of Orleans.)

# IN RE THE QUAKER REALTY COMPANY, PRAYING FOR CONFIRMATION OF TITLE.

Lapeyre, Monroe and Breazeale attorneys.

George Montgomery attorney.

Hall & Monroe for appellant.

DUFOUR, J.—When this cause first came before us in 1906, all the points of law therein presented were decided in favor of plaintiff, except as to prescription.

In reference to that plea we said:

"But the party pleading prescription must prove the facts upon which it is based, and here lies the weakness of plaintiff's case. There is no proof of physical possession in any one and the proof as to the vacancy of the property is not sufficient. * * * The testimony, however, does not prove, and we may not presume, that the conditions described existed between the years 1898 and 1903, but plaintiff, **with whom the law** of the case is, should be allowed the opportunity to furnish such proof."

In accordance with the above views, we rendered the following decree:

"The judgment appealed from is reversed and the cause is remanded to allow plaintiff to prove by competent evidence that the property in controversy was vacant from the year 1898 to the year 1903, both inclusive, the testimony and documentary evidence now in the record to remain without being re-offered, costs of appeal to be paid by defendant, and those of the lower court to await the final determination of the cause."

### 4 Ct. of App. 91.

When, after remanding, the cause came up for trial, the defendant filed an amended answer setting up a new defense.

The plaintiff's objection, that the cause was remanded by us for the sole purpose of taking testimony on one issue and that no pleading or further issue of any other kind could be entertained, was overruled by the District Judge.

This was error.

"When this Court has decided some of the issues of a case and remanded it for further evidence upon other points, and when the case comes up again in this court on appeal from the judgment of the lower Court in the second trial, the question originally decided will not be reopened and this Court will only review the issues upon which the case was remanded."

32 An. 1150; see, also, 30 An. 490; 115 La. 577; 106 La. 546; 7 R. 157; 116 La. 945; 123 La. 579.

The District Judge was powerless to add to our decree and go beyond it by receiving new pleadings.

— 365 —

All questions of law urged or that could have been urged at the first hearing are concluded, otherwise there would be no end to litigation.

In connection with the purpose for which the cause was remanded it is stated by the Judge and admitted by both parties that there was no actual possession and that "the property was in an uninhabitable swamp, insusceptible of actual possession."

This, under the views expressed in our original opinion, is sufficient to entitle plaintiff to a judgment.

The judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, the Quaker Realty Company and against Louis E. Valloft, the defendant, quieting and confirming its title to the following described property and recognizing it to be the sole owner thereof, to-wit:

**First.** A certain square of ground in the Third District of this City, bearing the municipal number 1612, bounded by Florida Walk, Industry, Pauline and Independence streets, and measuring Two Hundred and Eighteen (218) feet, Seven (7") inches and seven (7''') lines front on each of Florida Walk and Industry Streets and Three Hundred and Forty-One (341) feet, Two inches (2") and Five (5''') lines front on each of Independence and Pauline streets.

**Second.** A square of ground in the Third District of this City, bearing the municipal number 1613, bounded by Florida Walk, Pauline, Industry and Alvar streets, and measuring Two Hundred and Forty-One (241) feet, five (5") inches and one (1''') line front on Florida Walk, Two Hundred and Forty-One (241) feet eight (8") inches and two (2''') lines on Industry street, and Three Hundred and Forty-One (341) feet, two (2") inches and five (5''') lines front on each of Pauline and Alvar streets.

It is further ordered that the costs of both courts be borne by defendant.

April 4, 1910.

Rehearing refused April 18, 1910.

Writ granted by Supreme Court May 24, 1910.