(53 South. 526.)

No. 18,293.

In re QUAKER REALTY CO.

In re VALLOFT.

(Oct. 17, 1910. Rehearing Denied Nov. 14, 1910.)

*(Syllabus by the Court.)*

1. TAXATION (§ 689*)—TAX SALE TO STATE—ANNULMENT—PARTIES DEFENDANT.

Tax sales to the state cannot be annulled in an action brought by the tax debtor, his heirs, or assigns, against the state tax collector alone; and a judgment against the state so represented is an absolute nullity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1380–1386; Dec. Dig. § 689.*]

2. TAXATION (§ 805*)—PRESCRIPTION—ACTION TO ANNUL TAX SALE—LIMITATION.

Tax sales to the state are quieted by the prescription of three years provided by article 233 of the Constitution of 1898 in the same manner and to the same extent as tax sales and to individuals.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 805.*]

3. APPEAL AND ERROR (§ 1201*)—REMAND FOR NEW TRIAL—AMENDMENT—ACTION TO QUIET TAX TITLE.

In an action to quiet a tax title it is too late for the defendant to amend his answer by pleading other grounds of nullity, after the cause has been remanded by the appellate court for the restricted purpose of taking further evidence on a single issue of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673–4683; Dec. Dig. § 1201.*]

4. ESTOPPEL (§ 110*)—PLEADING—ACTION INVOLVING TITLE TO REALTY.

Estoppels tending to divest title to real estate should be specially pleaded.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300; Dec. Dig. § 110.*]

Action by the Quaker Realty Company against the City of New Orleans and others. A judgment for defendant was reversed by the Court of Appeal, and Louis E. Valloft applies for certiorari or writ of review. Affirmed.

George Montgomery and J. Zach Spearing, for applicant L. E. Valloft. Hall, Monroe & Lemann, for respondent Quaker Realty Co.

LAND, J. This suit was instituted on October 18, 1905, to quiet and confirm a tax title under the prescription of three years as provided in article 233 of the Constitution of 1898.

According to the allegations of the petition the property in dispute was in 1885 adjudicated to the state of Louisiana for delinquent taxes due on assessments against Antoine Rovira, as shown by tax collector deeds duly recorded August 29, 1885. It is further alleged that the Aztec Land Company purchased said property from the State Auditor, acting pursuant to section 3, Act. No. 80 of 1888, as amended by section 1, Act No. 126 of 1896, by deed of date September 3, 1903, and duly recorded on the 23d day of the same month and year; and that the plaintiff company purchased said property from the Aztec Company by deed dated May 5, 1905, and duly recorded on the 11th day of the same month and year.

Defendant for answer, first denying all the allegations of the petition except such as might be specially admitted, set up title from the heirs of Antoine Rovira of date January 23, 1905; averred actual possession of the property in said Rovira and his heirs and respondent since 1868; and pleaded that the alleged tax sales to the state were absolutely null and void, and were so decreed by judgment of the civil district court rendered on July 29, 1904, in a certain suit instituted by the heirs of Rovira v. The City of New Orleans and Tax Collector, and Board of Assessors of the Parish of Orleans. Defendant further averred that said tax sales were duly canceled on the record of the conveyance office pursuant to the decree of the court, and that when defendant purchased said property there was no record of said tax sales in said conveyance office or in the office of the State Auditor.

Defendant further averred that said tax sales were absolutely null and void, because based on assessments in the name of Antoine Rovira, who had previously died, and whose succession had been opened according to law in the civil district court of the parish of Orleans; for want of service of notice on the owners of the property as required by the Constitution of 1879; and for want of sufficient description to properly identify the property.

On the first trial of the case the district court rendered judgment in favor of the defendant on the ground that the tax sales of 1885 had been adjudged null and void by the decree of a competent court as pleaded in defendant's answer.

On appeal to the Court of Appeal, the judgment was reversed, and the cause was remanded for further evidence on the question of possession vel non of the premises in dispute. The Court of Appeal was of opinion that the judgment canceling the tax sales was not binding on the plaintiff, for the reason that no notice of the pendency of the action was recorded in the mortgage office in accordance with Act No. 134 of 1898. The court found that the evidence as to possession from 1898 to 1903 was vague and uncertain, and therefore remanded the case "to allow plaintiff to prove by competent evidence that the property in controversy was vacant from the year 1898 to the year 1903, both inclusive."

The Court of Appeal was of opinion that the bar of the constitutional prescription of three years was applicable to the case, if the land in dispute was vacant from 1898 to 1903.

On the second trial of the case in the district court the judge permitted the defendant, over the objection of the plaintiff, to file an amended and supplemental answer averring

that the two squares of ground in question, after the adjudication to the state, had not been readvertised and reoffered for sale at public auction as required by Act No. 80 of 1888, and that therefore the auditor had no warrant in law to sell the said property to the Aztec Company. On the issue thus raised a large mass of testimony was adduced. The district judge again decided the cause in favor of the defendant.

On a second appeal, the Court of Appeal held that the supplemental answer should have been disallowed; affirmed the district judge in his conclusion that the evidence showed that the land in controversy was vacant between 1898 and 1903; and sustained the plea of constitutional prescription urged by the plaintiff.

The Rovira heirs sued to annul certain tax adjudications to the state, and to cancel all tax inscriptions on the property, from 1876 to 1900, inclusive, on the ground of certain alleged defects in the assessments and nullities in the tax sales. The defendants in the suit were the city of New Orleans, the state tax collector, and the register of conveyances.

As was pointed out in the Citizens' Bank v. Marr, 120 La. 243, 45 South. 115, the adjudications to the state extinguished the state taxes on the property, and the tax collector was without power to take any proceedings to enforce payment of taxes on the property of the state. For these reasons, a judgment canceling the taxes on the property was held to be a nullity.

In Webster v. Howcott, 122 La. 365, 47 South. 683, it was held that after property had been adjudicated for taxes, proceedings by rule against the tax collector alone will not lie to cancel the inscription of such taxes. For a stronger reason, a tax collector cannot stand in judgment for the state in a direct action to annul tax sales made years before by his predecessor in office. A tax collector represents the taxing authority only in matters appertaining to the discharge of the specific duties imposed on him by law.

When the legality of his own action is challenged in a court of justice, a tax collector may defend himself, but otherwise such official has no mandate to represent the state in judicial proceedings. In Railway Co. v. Sheriff & Tax Collector et al., 50 La. Ann. 1054, 23 South. 946, it was decided that the correctness of a completed assessment cannot be decided against the tax collector alone; or against the tax collector and assessors. Gaither v. Green, Tax Collector, 40 La. Ann. 362, 4 South. 210.

Under Act No. 80 of 1888 and its amendments, the Auditor of Public Accounts had jurisdiction over property adjudicated to the state for taxes, with power to sell under certain contingencies. In the instant case the Auditor did sell to the vendor of the plaintiff and received for him payment of all the taxes due the state on account of the property. It therefore follows that the Auditor thus representing the state was a necessary party to the suit to annul the tax adjudications.

The Court of Appeal held that the judgment in the Rovira suit did not affect the plaintiff because notice of the pendency of the action was not recorded in the mortgage office of the parish of Orleans as required by Act No. 134 of 1898. Our conclusion that the state was not properly represented in the Rovira suit renders it unnecessary for us to review the ruling of the Court of Appeal on this question.

Article 233 of the Constitution of 1898 provides that "the manner of notice and form of proceedings to quiet tax titles shall be provided by law." Act No. 101, p. 127, § 3, of 1898, provides "that in all cases where tax titles have been quieted by the prescription of three years, as set out in article 233, the purchaser or his assignee may, if he so desires, obtain a judgment of the court con-

firming said title," etc. Such is the nature of the proceeding before us.

Article 233 of the Constitution of 1898, as far as applicable to this case, provides that "no sale of property for taxes shall be set aside for any cause, except on proof of dual assessment or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted, within three years from the adoption of this Constitution, as to sales already made." It is patent that in a case falling within the purview of article 233 no other causes of nullity than those specifically mentioned can be inquired into by the judiciary. The alleged want of notice and defects in the assessment have been cured by prescription, and the description of the property is sufficient for the purposes of identification. Therefore the attack on the tax sale to the state must fall.

After the Court of Appeal had decided all the legal questions in favor of the plaintiff and remanded the cause for evidence on the question of actual possession of the property between the years 1898 and 1903, inclusive, the defendants, over the objections of the plaintiff, undertook by supplemental and amended answer to attack the sale made by the Auditor to plaintiff's vendor.

On this point the Court of Appeal said:

"When this court has decided some of the issues of a case, and remanded it for further evidence upon other points, and when the case comes up again in this court on appeal from the judgment of the lower court in the second trial, the questions originally decided will not be reopened, and the court will only review the issues upon which the case was remanded. [Boisse v. Dickson] 32 La. Ann. 1150. See, also [Burbank v. Harris] 30 La. Ann. 490; [Chapman v. Old African Baptist Church] 115 La. 677 [39 South. 806]; [Beugnot v. Tremoulet] 106 La. 546 [31 South. 135]; [Orillion v. Slack] 7 Rob. 157; [Reems v. Dielman] 116 La. 945 [41 South. 217]; [State v. Bertrand] 123 La. 579 [49 South. 199]."

"The district judge was powerless to add to our decree and to go beyond it by receiving new pleadings."

"All questions of law urged or that could have been urged at the first hearing are con-cluded, otherwise there could be no end to litigation."

"In connection with the purpose for which the cause was remanded it is stated by the judge and admitted by both parties that there was no actual possession, and that the property was an uninhabitable swamp, insusceptible of actual possession."

The cause was remanded for the reception of evidence on a particular issue of fact, and the decree recites that "the testimony and documentary evidence now in the record to remain without being reoffered." The judgment on appeal restricted the evidence on the second trial to the particular issue of possession vel non of the property between certain dates, and necessarily excluded evidence as to issues not raised by the pleadings.

In this attitude of the case, we are of opinion that the amended and supplemental answer came too late. The general rule is that an amendment should be presented before going into the trial. Bruen v. Levy, 14 La. Ann. 355. In U. S. v. U. S. Bank, 11 Rob. 418, the court said:

"Every issue should be made, and all answers filed before the trial commences.

"It must be an uncommon case to justify the filing of an amendment or supplement to the pleading during the trial. And after the evidence is finished it cannot be permitted."

In the case at bar the evidence was finished on all the issues except that of possession, and the points of law applicable to the case as presented had been determined by the appellate court in favor of the plaintiff.

Plaintiff's counsel objected not only to the amended and supplemental answer, but also to all testimony except that taken in conformity with the decree of the court. It is too plain for argument that evidence tending to show that the state had estopped herself, or had waived her rights, by collecting taxes from the defendants, was not responsive to any issue presented by the pleadings, and was therefore inadmissible.

Under section 3 of Act No. 101 of 1898, it

is incumbent on the defendant to set up in his answer all the grounds of nullity on which he intends to rely to avoid the tax title of the plaintiff. Estoppel is a defense which should be especially pleaded in a case of this kind where title to real estate is involved.

In conclusion we may add that the prescription of three years covers all tax sales, and therefore necessarily applies to property bid in for, and conveyed to, the state by "title deed, as in sales to individuals" under section 3, Act No. 80 of 1888.

Judgment affirmed.