Eastern Dis.
*May*, 1833.

GRAVIER
*vs.*
ROCHE.

</div>

---

## GRAVIER *vs.* ROCHE.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In an action to rescind the sale of property of a defendant in execution, seized and sold to satisfy the judgment, he will not be permitted to show payment of the demand on which the judgment was founded, previously to its rendition.

The defendant in execution, whose property has been sold, and the sheriff's deed given, is not bound by a subsequent *ex parte* amendment of that deed.

The sale of *a square* passes a certain tract bounded by streets, and all the space which is included by the streets intersecting each other.

The plaintiff claimed the rescission of a sale of a square of ground which he had formerly owned, and which, under an execution on a judgment against him in the defendant's favor, had been adjudicated to the latter. The sheriff's return under which the property was sold, declares that he had "seized a square of ground bounded by *Pigeonier or Perdido, Gravier,* and *St. Paul,* and *Girond streets.*" The act of sale, recorded 8th June, 1825, conveyed a square "bounded by *Pigeonier, Perdido, Gravier,* and *St. Paul streets.*" In May, 1831, the agent of Mrs. Roche made affidavit to the errors in the sheriff's description, viz: that *Pigeonier* and *Perdido* are different names for the same street, and that no such streets were in the suburb *Lacourse* where the sheriff

EASTERN DIS.
May, 1833.

GRAVIER
vs.
ROCHE.

had described the land as situated. By order of the court, the sheriff then amended his return on the execution and act of sale, by inserting "Girond street instead of Perdido, and faubourg St. Mary instead of faubourg Lacourse, in the description of the property sold."

Judgment was rendered for the plaintiff, and the defendant appealed.

MARTIN, J. delivered the opinion of the court.

The plaintiff is appellant from a judgment which refused him the rescission of the sale of a square of ground to the defendant, upon an execution issued on a judgment which she had obtained against him.

The rescission was claimed on the ground that she had before the sale received full payment of her demand, and on account of irregularities in the sale, a square in the faubourg St. Mary having been seized, and the sheriff having given a deed for a square in the faubourg Lacourse, and the deed having been afterwards amended by the order of the court, but not contradictorily with the present plaintiff, the then defendant in the execution.

Our attention has been called to a bill of exceptions taken by the plaintiff's counsel to the opinion of the court, on refusing him leave to prove, that although the judgment the present defendant had obtained, was for seven thousand six hundred and twelve dollars, there were due four thousand five hundred dollars only, the balance being a sum which she had promised to allow him, when she had received payment for a note of one Burgos to the plaintiff, and by him endorsed to her to secure the payment of a note of his on which she afterwards obtained judgment.

In an action to rescind the sale of property of a defendant in execution, seized and sold to satisfy the judgment, he will not be permitted to show payment of the demand on which the judgment was found-

As all this was prior to the judgment, she might and ought to have been pleaded in compensation, or otherwise, so as to render the amount of the judgment to the sum actually due, it not being pretended that the amount of Burgos' note, or any part thereof, was received by the present defendant since she obtained the judgment.

On the merits it did not appear to us the district judge erred in concluding that the present plaintiff had failed to establish that he had paid the judgment before the sale of the square took place.

ed, previously to its rendition.

The square claimed, and now in the possession of the defendant, is evidently one which was the plaintiff's property before the sale by the sheriff. It lies in the faubourg St. Mary. In the preamble of the deed, the sheriff states he has seized a square in the faubourg St. Mary. When he acknowledges the receipt of the price, he states that the square is in the faubourg *Lacourse*. When afterwards he makes the conveyance he alludes to the *above described premises*.

By this it is evident the square *seized* was alluded to. Three of the streets, which are said to form it, arc streets of the faubourg St. Mary, and it is not pretended that any of the same name are in the faubourg Lacourse.

The defendant in execution, whose property has been sold, and the sheriff's deed given, is not bound by a subsequent *ex parte* amendment of that deed,

It is true, the plaintiff cannot be bound by the amendment, as it was made *ex parte*, but the original description, though faulty, appear to us sufficient to establish that the square siezed and sold, is the one now claimed.

It is also true, there is an evident error in the name of one of the streets, but the square being actually bound by three of the streets correctly named in the sheriff's deed, we must conclude, that the defendant acquired the square belonging to the plaintiff, lying in faubourg St. Mary, bounded by these streets. Such is the one now in her possession. If the plaintiff owned another square in that faubourg, bounded by the same streets, he might easily have administered evidence of the fact. In the absence of such evidence, it cannot be presumed he owned another, and if that be the case, the square now claimed must be the one that was sold.

Another irregularity is attempted to be shown in the number of the lots stated to be in the square sold, and these in the square and the number of these it actually contains. A square is a body certain, bounded by streets. Whatever space is contained in the square formed by the intersection of the streets passes by its sale.

The sale of a *square* passes a certain tract bounded by streets, and all the space which is included by the streets intersecting each other.

The plaintiff has contended that he is not bound by the amendment which the court permitted the sheriff to make on the return of the deed, as they were made *ex parte*, and not contradictorily with him. We have disregarded the amendment, and have considered the return and deed in their original state.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

*Preston*, for plaintiff.      *Peirce*, for defendant.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.