43 873
46 409

## No. 1246.

### JAMES SURGET ET AL. VS. ISIDORE NEWMAN.

When a case is remanded to fix a date from which prescription can be calculated, the plea of *res adjudicata* will not prevail.

It is not necessary for the Auditor of Public Accounts to verify copies by affidavit, as it does not give any additional weight to his official signature and seal. Where records are destroyed by fire, parol evidence can be received as to their existence and contents.

Where a party has died and the heirs have not been put in possession of his property, an assessment of the succession to his estate is sufficient.

Forfeiture of property under Acts 42 of 1871 and 96 of 1877, results from the filing of the delinquent rolls, and the effect of the forfeiture is that it can be set aside only on proof of payment of the taxes. The limitation of the right to annul the forfeiture to a single specified case precludes the right to contest for irregularities and informalities in the assessment, or the affidavit of the tax collector as to the delinquency. Such irregularities are cured by said Acts. Property forfeited to the State was sold under Act 107 of 1880, in 1881. Held that such sale is valid, and the prescription of three years applies.

The parties who permit their property to be forfeited and vested in the State have no interest in its future disposition by the State.

A PPEAL from the Fourth District Court, Parish of Jackson. Wear, J.

*F. W. Price* and *Boatner & Boatner* for Plaintiffs and Appellees:

1. The plea of *res adjudicata* applies to all definitive judgments, and a definitive judgment is one that decides all the points in controversy between the parties (C. P., Art. 539; C. C., Art. 2286), and no matter in what form of action or proceeding, whether by petition, intervention or exception, the question may have been presented, the same question once judicially decided between the same parties acts as a complete bar. 19 La. Reports, p. 328; 32 An. 829.

Surget et al. vs. Newman.

2. Parol evidence can not be admitted to vary or contradict the recitals of a deed, or against or beyond what is contained in the Act. C. C. 2276.

3. The recitals of a deed can not be contradicted or varied by a party who holds under the deed, without an allegation of error or fraud, and not then when the evidence would be at variance with his allegations.

4. Unsworn, ex parte, garbled extracts from the records of the Auditor's office are not admissible in evidence to prove title to real estate in this State.

5. Statutes of forfeiture of property which do not provide for due notice and a right to be heard by the debtor are unconstitutional and in contravention of the 14th, amendment to the Constitution of the United States, and even when constitutional and provide for a due process of law, the statute must be strictly construed and followed under pain of nullity. 26 An. 699; 34 An. 255; American and English Encyclopædia of Law, Vol. 3, p. 717; Vol. 6, pp. 43 to 52 and notes; Vol. 8, p. 451, Sec. 34. See 9 Wallace (U. S.), pp. 335 and 336, as to right of forfeiture; Cooley on Tax., 2d Ed., p. 465. (Compare Acts 1871, No. 42, p. 122, Secs. 66, 67 and 68, and Acts 1873, No. 47, p. 101, Secs. 8 and 9.) Cooley on Tax, pp. 470, 472, 476, 288, 481, 487.

6. The repeal of laws is either express or implied. It is implied when the new law contains provisions contrary to or irreconcilable with those of the former law. C. C. Art. 23.

7. The sale of land for taxes without authority by any statute of Louisiana is absolutely null and void, and no prescription will apply. 42 An., Surget et als. vs. Newman; 40 An. 453; 39 An. 409; 32 An. 912, 228; 34 An. 109, 407, 705; 35 An. 1086; Beack on Tax Titles, Secs. 124 to 127, 98, 99 and 100; Cooley on Tax., pp. 558 to 563, and 497, 481 and 487 and notes; 33 An. 441; 32 An. 912 and 228; Black on Tax-Titles. 80, 88, 91; 30 An. 875; 32 An. 228; 42 An. 163, Waddill vs. Walton; 43 An., not yet reported.

8. Act 107 of 1880 applies only to lands that had been forfeited to the State for taxes due prior to 1879. Act 77 of 1880 only applies to collection of current taxes due subsequent to 1879. There was no statute that authorized the sale of land for taxes due prior to 1879 and for taxes due subsequent to 1879 in one Act, and not at all for taxes due prior to 1879 unless the land had been duly and legally adjudicated to the State. 42 An., Surget et als. vs. Newman; Con. 1879, Mis. Ordinance No. 1, and Art. 210, Con. 1879; Act 47 of 1873, Sec. 9.

9. The burden of proof is upon the party setting up a forfeiture, and if he fails to establish a title in the State, or a legal forfeiture, his claim falls. 26 An. 699; 31 An. 255; Cooley on Tax, 461, 465.

*White & Saunders* and *Graham & Halstead* for Defendant and Appellant:

1. To effect a forfeiture under Acts 42 of 1871 and 96 of 1877, it was necessary:
   (a) That the tax collector should make out and verify the delinquent list.
   (b) That this delinquent list should be recorded in the parish mortgage records.
   (c) That it should then be forwarded to and filed with the State Auditor.

2. The certificates of the State Auditor show that the delinquent lists of Jackso parish, from 1873 to 1880, are on file in his office, with the tax collector's certificate showing delinquency, and the parish recorder's certificate showing recordation, attached thereto, and that the lands in controversy appear thereon. This establishes the forfeiture of said lands to the State.

3. The forfeiture resulted from the filing of the delinquent rolls in the Auditor's office.

4. The forfeiture could be set aside only on proof of payment of the taxes. This limitation of the right to annul the forfeiture to a single specified cause precludes the right to contest the forfeiture on the ground of informalities, such as the exact regularity of the asssssment, or affidavit of the collector as to delinquency.

5. The assessment to the estate of James Surget, after his death and before his heirs were recognized and put in possession, was correct.

6. The proof, as well as the tax deed of defendant, establishes that the sale was made under Act 107 of 1880.

7. The property having been forfeited to the State, was subject to be sold under that Act, and the sale is protected by the prescriptions of three and five years.

8. The plaintiffs' title being divested by a forfeiture to the State prior to 1880, it is no concern of theirs whether the sale by the State in 1881 was regular or not.

The opinion of the court was delivered by

McENERY, J. The plaintiffs, who reside in the State of Mississippi, are the heirs of James Surget, who died in that State in the year 1856. They allege that, at the time of his death, he owned lands situated in the parish of Jackson, to the amount of 7200 acres, and that the defendant, Isidore Newman, claims the ownership of said lands by virtue of a tax sale made to him by the Sheriff of Jackson parish, on the 24th of June, 1881. The facts in the case and the issues involved are stated in the case of James Surget vs. Isidore Newman, 42 An., p. 777.

This case came before us at the last term of court at this place, on an exception of no cause of action, and the plea of prescription, filed by the defendant, of two, three and five years. The determination of the time from which the prescription would run, and whether it could be urged, depended upon the statute under which the sale was made. There was no means of determining the question from the face of the papers, and the case was, therefore, remanded for further proceedings. There was no definitive judgment rendered, consequently the plea of res adjudicata urged by plaintiffs is not tenable.

As stated in the opinion remanding the case, if the sale was for delinquent taxes it was null and void, as Act 107 of 1880, the only act under which the sheriff and tax collector could make a sale, provides only for the sale of property forfeited to the State for the non-payment of taxes.

The question then is whether or not there was ever any forfeiture

of the property in controversy to the State for the non-payment of the taxes assessed against it.

It is vigorously urged by plaintiffs that Act 47 of 1873 repealed Act 42 of 1871. We have carefully examined the acts and find that there is no conflict between them. Act 47 of 1873 had reference to the sale of property of the delinquent taxpayer, and the forfeiture of certain rights for the non-payment of taxes and licenses.

Act 41 of 1871 provided for both the sale and the forfeiture of the property, the latter when the sheriff and tax collector had exhausted his efforts to collect the taxes.

The objection to the constitutionality of this act is without foundation. The examination of the several revenue acts, 1871 and 1877, will show that there was no arbitrary forfeiture of the property of the plaintiffs, and taking it without due process of law. The law provided for the assessment of the property, notices by advertisement, its sale, and finally its forfeiture, all of which was done for the enforcement of the collection of the amount owing to the State for the assessments against the property. *In re* Douglas, 41 An. 765.

Act 96 of 1877 is similar in its provisions for the forfeiture of the property for non-payment of taxes, and is the last resort in the efforts to collect the tax.

Both acts vested the property in the State from the date of filing the delinquent lists in the office of the Recorder of Mortgages. Both acts declare that the title to the property so vested in the State shall be impeachable only on proof that taxes for the non-payment whereof the lands were returned forfeited had been in fact paid to the collector before the return of the list to the recorder.

Parol evidence was introduced, and received over the objection of plaintiff, to prove that the property had been forfeited to the State under Acts 42 of 1871, and Act 96 of 1877.

Plaintiff's objection was that it would contradict, vary and go beyond the recitals of the deed. The deed, if authorized by statute, is sufficient to transfer title to the property. There was no mention made in the deed of the act of the Legislature by which it was authorized.

The object of remanding the case was to ascertain these facts. The evidence, therefore, does not contradict or vary the record, but is only in aid of its interpretation. The courthouse in Vernon, Jackson parish, had been destroyed by fire, with the official records, and

the testimony of the officials of the parish in relation to a matter which came under their observations while in office, was the only accessible evidence.

The same objection is made to the Auditor's certificate as to the fact of filing the delinquent lists in his office.

The further objection is made that the certificates were not sworn to, were *ex parte* statements, and were only partial extracts from his records.

The oath of the Auditor could give no additional weight to his official signature.

The extracts were from the records of his office, and were full and complete so far as essential to show that the delinquent lists had been filed and the property forfeited.

The evidence shows that the property was returned as delinquent and filed at the proper time in the office of the parish recorder and the office of the Auditor of Public Accounts. The sheriff states that the sale was made under Act 107, of 1880. All the circumstances show this fact. He was not authorized to make a sale under any other act, and the object of remanding the case was to ascertain whether there had been a forfeiture of the property, so as to be covered by Act 107, of 1880.

The plaintiffs allege that the property was never legally assessed for and during the years mentioned in the act of sale.

The ground for illegality in the assessment complained of is that it was assessed to the "James Surget estate."

The evidence shows that James Surget died in 1856, and that his succession is still open. The heirs have never been placed in possession of the property of the estate. The plaintiffs contend that the property ought to have been assessed to the heirs, as they accepted the succession unconditionally. The heirs are non-residents, and there is no evidence showing that they are in possession of the estate as joint owners, or that there is any record of this fact, if it existed, in Jackson parish.

The property was properly and legally assessed. 31 An. 816; 28 An. 180; 33 An. 520.

There is no attempt made to show that the tax had not been levied; that the property is not subject to taxation; that it had not been assessed; that the taxes had been paid—essential requisites for the valid sale or forfeiture of the property. The objection is to

Surget et al. vs. Newman.

the mode and manner of the assessment, a non-essential, which may be remedied by legislation.

In re Douglas, 41 An., p. 769, we said: "The only complaint is of certain irregularities in the assessment, in non-compliance with the requirements of the law under which it was made. The fact remains that an assessment was actually made by a description sufficient to identify the property and not to mislead the owner, which is all that is essential."

Act 41 of 1871, and Act 96 of 1877, so far as they relate to the forfeiture of property to the State, are, in their nature, remedial statutes, and were intended to cure the irregularities complained of by plaintiffs. In re Douglas, 41 An., p. 765; in re Lake, 40 An., p. 142.

The filing of the delinquent lists, and the forfeiture of the property to the State, were in effect a deed to the State, and vested in the State title to the land from the filing of the list. Sec. 67, Act 42 of 1871; Sec. 60, of Act 96 of 1877.

The taxpayer was divested of his property, and the title of the State was impeachable only on proof that the taxes had been paid for the non-payment whereof the lands had been forfeited.

All irregularities were cured by these statutes, and the only condition upon which the forfeiture could be set aside was that the taxes had been previously paid on the forfeited property. The irregularity in filing the delinquent roll, the absence from it of the collector's affidavit, can not now be urged.

The forfeiture resulted from the fact that no one would bid on the property, and the State stepped in as the last bidder and took title in herself of the property without a formal offering. She could perfect her own title as against a non-taxpayer.

In re Douglas we quoted from the case of De Treville vs. Smalls, 98 U. S. 517, as follows: "The statute left to the owner of the land every substantial right. It was his duty to pay the taxes when due. His land was charged with it; and the proceedings ending in the sale was simply a mode of compelling the discharge of his duty. All his substantial rights were assured to him by the permission to show that he owed no tax, that his land was not taxable, or that he had redeemed his land after the sale. He was thus permitted to assert everything of substance, everything except mere irregularities.

There is no possible excuse for not enforcing such statutes according to their letter and spirit."

All these enumerated rights have been reserved to the plaintiffs in this case.

There has been no attempt to show that before the forfeiture of the property the plaintiffs have been debarred from asserting any of these rights, the violation of which would come within constitutional prohibition.

Having been thus legally divested of their property by the forfeiture, it is not apparent how or in what manner they are interested in its future disposition by the State.

It seems that the tax of 1880 was included in the taxes for which the property was sold. But the sale was not made under the revenue act of that year, and, therefore, this error can not affect the sale as made under Act 107 of 1880, providing for the sale of forfeited lands to the State prior to 1879.

The defendant having established his tax deed under a statute of the State, the plea of three years' prescription must prevail. Barrow vs. Wilson, 39 An. 410; McDougal vs. Mouligan, 39 An. 1005.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, cancelled and set aside, and it is now ordered and decreed that there be judgment for the defendant, rejecting plaintiff's demand with costs.