## No. 11,258.

SOLOMON REINACH vs. MISS ARMANTINE ALLARD DUPLANTIER.

46 151
52 1566

The property claimed was forfeited to the State in 1877 in compliance with Statute 96 enacted that year.

In 1885 it was adjudicated to the State under the provisions of Act 96 of 1882, for the State taxes of 1882 and 1883. It was also adjudicated to the State of Louisiana for the State taxes of 1880 and 1881.

Reinach vs. Duplantier.

The plaintiff sued to be placed in possession as owner.

The defendant filed no appearance in the suit prior to the confirmation of the default.

Before the judgment was signed she moved for a new trial on the ground that the property could not be conveyed by the State under Act 80 of 1888.

Although the property was forfeited to the State in 1877, taxes were assessed upon it for 1880, inclusive, to 1884, for which it was sold.

To obtain payment of taxes for these years the property could be sold under the law of 1888.

Moreover, the defendant invokes the forfeiture to the State of a date preceding 1880, and the fact that the State became the owner; under that forfeiture.

The owner prior to the forfeiture is without interest to have annulled a conveyance made by the State after she was no longer the owner; the State had become the owner by the forfeiture.

A PPEAL from the Civil District Court for the Parish of Orleans.
   *Monroe, J.*

*Benjamin Ory* for Plaintiff and Appellee.

*Lazarus, Moore & Lemle* and *I. N. Luce* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.    The action is petitory.

In his petition the plaintiff alleges that the State of Louisiana had acquired the property by forfeiture under Act 96 of 1877 for State taxes of 1877 and 1878.

Moreover, that the State had acquired the same property by adjudications for State taxes for the years 1880, 1881, 1882 and 1883, made in the years 1884 and 1885; that for the years 1880 and 1881 the property was assessed in the name of Joseph A. Peniston, and for the years 1882 and 1883 in the name of the defendant; that the latter inherited from the former, and was placed in possession of the property on December 31, 1881.

The service of the citation and petition was personal.

In due time a default was entered against the defendant.

About six months elapsed between the default and the date of the confirmation of the default.

After judgment had been rendered on the confirmation of plaintiff's default, before the judgment had been signed, the defendant moved the court for a new trial, on the ground that the judgment was contrary to law and evidence, and that it was not competent for

Reinach vs. Duplantier.

the State to make a sale of the property described in plaintiff's petition, consisting of town lots, under the act of 1888.

The defendant argues that the land having been forfeited to the State, as alleged in plaintiff's petition, it should have been sold under Act 187 of 1880 or Act 82 of 1884, and that the Auditor was without authority to convey title under Act 80 of 1888; that that act provides for the sale of lands that had been sold to the State for the taxes of 1880 and subsequent years; that the property having been forfeited to the State for the taxes of 1877 and 1878 was improperly assessed in the name of the defendant for the years 1880 to 1884, inclusive, and that a sale based upon that assessment is illegal; that lands belonging to the State are exempt from taxation; that the land, by the forfeiture for the taxes of 1877 and 1878, as alleged in plaintiff's petition, became the property of the State and was not subject to taxation.

The defendant cites the case of Bradford vs. Lafargue, 30 An. 432, in support of the proposition that by the transfer to the State a taxes existing on the property at the time were extinguished by confusion, and that, subsequent to the transfer, the property is exempt from taxation.

Applying that decision to her case, she urges that after the forfeiture of the property to the State for the taxes of 1877 and 1878 the State became the owner and all taxes subsequent were extinguished by confusion, and that it was improperly assessed while it remained the property of the State.

In the last deed, dated in 1892, that under which the plaintiff owns as vendor, the Auditor of the State declares that in pursuance of Section 3 of an act approved July 12, 1888, No. 80 of 1888, he conveys the property described to plaintiff.

That it is the property which was adjudicated to the State for the unpaid taxes of the years 1880 and 1881 in the name of J. A. Peniston, and in 1882 and 1883 in the name of A. A. Duplantier (the defendant), on the 20th December, 1884, by James D. Houston, tax collector, for unpaid taxes due the State of Louisiana, and that it had been duly advertised and offered for sale by I. W. Patton, tax collector, in accordance with the provisions of Act 80 of 1888; that the sale was made for the price of $102 cash.

Copies of the deeds referred to in this last act were admitted in evidence.

The forfeiture to the State under Act 96 of 1877 vested full title in the State of all the right and interest of the party assessed in the property, subject only to a right of redemption.

There being no informality in the forfeiture, it being alleged that the property was forfeited, and the defendant having conceded *ex necessitate rei* for the purpose of her defence on the rule for a new trial that the property was forfeited as alleged, it absolutely and unqualifiedly became the property of the State from the day the time to redeem had elapsed.

The State acquired the immediate dominion.

Property is the absolute right of the owner to enjoy and dispose of a thing. The defendant is without interest to question the legality of the title conveyed under Act 80 of 1888.

A similar question was considered in Morrison vs. Tax Collector, 26 An. 699. This court held that the former owner (who contended that the tax collector could not sell his land, it having been forfeited to the State) could not assume that position without putting himself out of court, because if his lands were forfeited to the State, the only remaining right was the right of redemption.

The same may be said as applying to the case at bar; the former owner invokes the fact that the property involved was forfeited to the State.

In Breaux vs. Negrotto, 43 An. 432, the court is as emphatic:

"The divestiture of title was complete, and it is immaterial to the owner prior to the divestiture in what manner the State disposes of her property."

In Martinez vs. Tax Collector, 42 An. 677, we said: "No reasons are urged and can be urged why the State, being the owner of the property, could not sell the same and fix the price, and impose such conditions in the sale as she deemed fit and proper."

The case of Morrison vs. Tax Collector, 30 An. 432, was decided under revenue statutes since repealed. At the time sales could be made upon payment to the collector of the amount of the State and parish taxes due on the property, and no provision was made to collect taxes upon property accruing after it has been adjudicated to the State.

In State *ex rel.* Dowers vs. Recorder, 45 An. 566, it is stated: "It likewise appears to be clear that it was the definite purpose of the Legislature to make the property purchased by the State liable to

Railroad Co. vs. Duncan..

subsequent taxation, State, parish and municipal, as will appear from the following, viz., 'the price bid and paid for said property shall be in full and final payment and satisfaction of all State taxes, together with all costs—and the purchaser shall take said property subject to all subsequent taxes.'"

The sale was made to the plaintiff for a price, including the taxes assessed on the property after it had been adjudicated to the State.

In two cases of recent date it was decided that in order to become the owner, the purchaser must pay all the taxes, including those assessed after the property had been adjudicated to the State. Breaux vs. Negrotto, 43 An. 432; Martinez vs. Tax Collector, 42 An. 677; Morrison vs. Tax Collector, 30 An. 432.

They are taxes due on the property which must be paid in order that the purchaser may have a complete title.

The law relating to a confusion of right extinguishing obligations, when the qualities of debtor and creditor are united in the same person, does not apply.

It was competent for the Legislature to enact a statute excluding the State from the operation of the law regarding confusion and authorizing the collection of a tax upon her own property.

The statute, 80 of 1888, provides for the sale of property bid in and adjudicated to the State for taxes for the year 1880, and subsequent years.

The taxes for which the property was sold were assessed within the years provided by that act.

The forfeiture to the State in 1877 does not affect the right to taxes for years subsequent to 1880 on property adjudicated to the State.

The defendant has no interest enabling her to have a nullity of a title pronounced.

The judgment appealed from is affirmed at appellant's costs.