SOMMERVILLE, J.
Plaintiff, alleging itself to be the owner of the property involved in this suit, which it has acquired by mesne conveyances from the state of Louisiana, and which had been bought by and forfeited to the state for delinquent taxes, asks that defendant be cited to answer, and for judgment in its favor against him confirming and quieting petitioner’s titles to the property, and recognizing it as the sole owner thereof in perfect ownership.
Defendant answers claiming ownership in himself; that the taxes for which the property had been adjudicated to the state had been canceled by a judgment of the First city court; and that the tax sales predicated on said taxes had also been canceled by the same judgment.
Defendant further answers that he has paid all the state taxes on the property from the years 1903 to 1909 inclusive; and that his authors in title paid the state taxes for the years 1900 to 1902, inclusive, under assessments made in his name and in the names of his authors; and that the state of Louisiana and its vendees are thereby es-topped from setting up title to said property. He further answers that he and his authors have always had and retained the actual, physical possession of said property.
[1] There was no evidence offered to show actual, physical possession on the part of defendant and his authors at any time, and this defense will not be further noticed. With reference to the allegation, and the proof thereunder, that taxes and tax sales made to the state were canceled by a judgment of the First city court, dated April 18, 1900, we shall only observe that that court was without jurisdiction ratione materia, and any judgment rendered in the cause referred to can have no effect against the titles of the state of Louisiana or its vendees to the property involved.
Defendant, in his printed brief filed in this court, makes an additional defense, to the effect that the descriptions of the property upon which the taxes were, assessed and which are contained in the tax deeds are insufficient to identify and transfer the property. This defense is without merit, had it been timely made.
[3] The defendant pleads an estoppel, based upon the allegations that the state board of assessors had assessed the property for state taxes during a term of years since the sales to the state in the names of defendant and his authors, and that the state tax collector had received the taxes thereon levied from them, thus recognizing defendant to be the owner of the property. This plea of estoppel was sustained by the judge of the trial court, who in his reasons for judgment says he acted under the authority of the judgment in the case of Armstrong v. Progressive Realty Co., Ltd., 128 La. 727, 55 South. 334. There was judgment in favor of defendant, from which judgment plaintiff prosecutes this appeal.
[2] The reasons given in the Armstrong Case, just referred to, have no application *499 in this case. There, the defendant had been in actual, physical possession; and we held that the prescriptive term contained in article 233 of the state Constitution of 1898 did not apply. In the present ease, now-under consideration, while the defendant alleges in his answer that he and Ms authors in title have been in actual possession during a long term of years, he did n'ot offer any evidence whatever to sustain the allegation. As this is a special defense, set up in opposition to the terms of the Constitution, article 233, it must be proved by defendant. In the absence of such proof, we are constrained to recognize the allegation contained in plaintiff’s petition that the term of prescription fixed in article 233 has application in its favor, and that its title is good, or perfected by the prescription contained in said article.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that there now be judgment in favor of plaintiff, Quaker Realty Company, Limited, and against defendant, Edward H. Purcell, confirming and quieting its title to, and recognizing it as the sole owner, in perfect ownership: (1) Of six certain lots of ground in square No. 1,220 (formerly square No. 37 of the faubourg D’Aunoy) bounded by Lafayette avenue, Tonti (formerly Force) Port, and Virtue streets, known by the numbers 1, 2, 3, 4, 5, and 6 on a plan of A. Castaing, which plan has been, deposited in the archives of Amadee Ducantel, notary public, under the No. 21, of Book No. 6 of the plans of said notary public. Lot No. 1 forms the corner and measures 43 feet, 3 inches, and 6 lines front on Force street by 105 feet in depth and front on Lafayette avenue. Lots 2, 3, 4, and 5 measure 43 feet, 6 inches front on Force street by 105 feet in depth. Lot 6 forms the corner and measures 43 feet, 3 inches, and 6 lines front on Force street by 105 feet in depth and front on Port street. Said six lots of ground are divided into nine lots on a plan of Edgar Pilie, surveyor, dated June 2, 1902, and deposited in the office of John Watt, notary public; said lots being designated by the Nos. 1 to 9, inclusive, and measure each 28 feet, 11 inches, and 4 lines front on Force street by 105 feet in depth. Lot No. 1 forms the corner of Lafayette avenue and Force street, and lot No. 9 forms the corner of Port and Force streets. And (2) six certain lots of ground in square No. 1,221 (formerly square No. 38 of the faubourg D’Aunoy) bounded by Port, St. Ferdinand, Tonti (formerly Force), and Virtue streets, designated as lots Nos. 1 to 6 on a plan of A. Castaing, which plan has been deposited in the archives of A. Dueatel, notary public, as plan No. 21 of Book of Plans No. 6. Lot No. 1 measures 43 feet, 6 inches, and 2 lines front on Force street by 105 feet in depth and front on Port street. Lots 2, 3, 4, and 5 measure each 44 feet front on Force street by 105 feet in depth. Lot 6 measures 43 feet, 6 inches, and 2 lines front on Force street by 105 feet in depth. Said six lots of ground are divided into nine lots on a plan, of Edgar Pilie, surveyor, dated June 2, 1902, and deposited in the archives of John Watt, notary public; said lots being designated by the Nos. 1 to 9, inclusive, and measure each 29 feet, 2 inches, and 6 lines front on Force street by 105 feet in depth. Lot No. 1 forms the corner of Port street, and 'lot No. 9 forms the corner of St. Ferdinand street. .With costs in both courts.