(60 South. 367.)

No. 19,042.

QUAKER REALTY CO., Limited, v. CITIZENS' BANK OF LOUISIANA et al.

(Dec. 2, 1912.    Rehearing Denied Jan. 6, 1913.)

*(Syllabus by the Court.)*

TAXATION (§ 734*)—TAX TITLES—LAND FORFEITED TO STATE.

When property has been forfeited and adjudicated to the state for unpaid taxes, and all defects in the title thus acquired by the state have been cured by prescription, under article 233 of the Constitution, and the Auditor has sold the property by an instrument which recites that the sale was made pursuant to Act No. 80 of 1888 as property which had been adjudicated to the state in accordance with the provision of said act and which had been previously offered for sale, and had "failed to sell," the question whether the state, acting through its Auditor, had previously offered the property, so acquired by it, for sale, or had properly advertised it, before the sale by the Auditor, is one in which the original tax debtor has no concern, it being a matter between the state and its Auditor, or between the state and the party who may have purchased from the Auditor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470–1473; Dec. Dig. § 734.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the Quaker Realty Company, Limited, against the Citizens' Bank of Louisiana and others.    From a judgment for plaintiff, defendants appeal.    Affirmed.

J. Zach Spearing, of New Orleans, for appellants.    Wm. Winans Wall, of New Orleans, for appellee.

MONROE, J.    Plaintiff sues, under Act 101 of 1898, for confirmation of title to certain real estate in New Orleans, and has made Daniel Vaughan, Lawrence, John, and Catherine Manders, and the Citizens' Bank of Louisiana, parties defendant, the four first named through a curator ad hoc.    The curator was unable to find or hear of his clients, and filed a general denial.    The bank sets up title to part of the property, under Daniel Vaughan, and attacks the title which plaintiff seeks to have confirmed on the grounds:

(1) That for the purposes of the forfeiture and sale of the property to the state it was not legally assessed or properly described; (2) that no notice of delinquency or intention to sell was given; (3) that it was not advertised, or, if advertised, not sufficiently. The grounds thus stated have, however, been abandoned, because the suggested defects upon which they are based have been cured by the prescription of three years under article 233 of the Constitution.    The remaining ground set out in the answer of the bank is "that the property * * * was never forfeited or adjudicated to the state," or, if the same was ever "forfeited or adjudicated, then that the legal requirements were not complied with in selling it to plaintiff's author." No attempt was made to sustain the allegation that "the property was never forfeited or adjudicated to the state," and the evidence is conclusive to the effect that it was so forfeited for unpaid taxes due prior to 1877, and was adjudicated to the state for unpaid taxes of 1882 and 1884.    Beyond which it was shown that the state Auditor sold it to the plaintiff's author in title by instruments of date January 24 and May 13, 1901, which recite that he did so pursuant to the provisions of Act 80 of 1888, and Act 126 of 1896 as property which had been adjudicated to the state, and which had been previously offered for sale in accordance with the provision of said Act 80 of 1888, and had "failed to sell."

Inasmuch, therefore, as the title of the tax debtor, under whom defendant claims, had been entirely devested by the forfeiture and adjudication to the state, the defendant has no concern with the question whether or not the state, acting through the Auditor, offered the property so acquired, and, properly advertised before selling it to plaintiff's author,

that being a matter between the state and its Auditor, or the state and the party to whom the property was sold by the Auditor. Morrison v. Tax Collector, 26 La. Ann. 699; Martinez v. Tax Collector, 42 La. Ann. 677, 7 South. 796; Breaux v. Negrotto, 43 La. Ann. 432, 9 South. 502; Surget v. Newman, 43 La. Ann. 873, 9 South. 561; Reinach v. Duplantier, 46 La. Ann. 151, 15 South. 13; West v. Negrotto, 52 La. Ann. 381, 27 South. 75; Adolph v. Richardson, 52 La. Ann. 1156, 27 South. 665; George v. Cole, 109 La. 823, 33 South. 784; Rovens v. McRobinson, 117 La. 734, 42 South. 251; Smith v. Crandall, 118 La. 1054, 43 South. 699; Woodfolk v. Witkowski, 120 La. 495, 45 South. 401; Frellsen v. Crandell, 120 La. 712, 45 South. 558; Gouaux v. Beaullieu, 123 La. 695, 49 South. 285. See, also, Slattery v. Kellum, 114 La. 282, 38 South. 170.

The judgment appealed from, which was in favor of plaintiff, is therefore affirmed.