————o————

## No. 6124.

## JOHN F. LINDNER vs. CHARLES ROTH.

### Syllabus.

The city had no authority to sell property for taxes due to it while the property stood in the name of the State as adjudicated in a sale for State taxes.

— 301 —

Prescription does not run against the State.

There was no law in 1909, authorizing the Auditor to grant a redemption certificate after the lapse of one year from the registry of the act of sale in the Conveyance Office.

The unauthorized act of one of its officers cannot estop the State.

The State does not renounce title by the fact that after an adjudication to itself for taxes the assessors have continued to assess the property in the name of the former owner and the collector has received payment of taxes so assessed, when the owner was not in actual possession of the property at the time of the tax sale and the continued assessment and payment.

An adjudicatee cannot be made to accept a title suggestive of litigation.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 107,725. Hon. F. D. King, Judge.

Theo. Cotonio, for plaintiff and appellee.

John Watt, for defendant.and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff avers that at a public auction, provoked by him, defendant became adjudicatee of certain lots; that he refused to comply with the adjudication, and plaintiff sues for specific performance.

The defense is that the title tendered by plaintiff is not good for the following reasons:

Plaintiff purchased this property at a sale made by the City of New Orleans for taxes of 1904, assessed to Honore Gamet, as appears by act of Wm. V. Seeber,

dated November 20th, 1906; that this assessment and tax sale were null because at the date thereof said property belonged to the State of Louisiana, the same having been adjudicated to it at a sale made by the Tax Collector for State taxes of 1894, assessed to Honore Gamet as appears by act of Fred Zengle, dated July 6th, 1895, registered in the Conveyance Office on same date. That said property continued to be owned by the State of Louisiana up to May 18th, 1909, when it was redeemed in the name of Honore Gamet. Further answering, defendant alleges that the Auditor was without authority to issue a redemption certificate after the lapse of one year from the registry of the act of sale in the Conveyance Office, as provided by Article 233 of the Constitution of 1898, and Section 62 of Act 170 of 1898.

There was judgment for plaintiff and defendant has appealed.

## I.

It has been repeatedly decided that "the City had no authority while the State was the owner to have it (the property) seized for taxes and sold for its own account as a tax collector." In re. Lindner, 114 La., 895 (900); Desposito vs. City, No. 3207 Ct. App.; Aztec Land Co. vs. City, 2 Ct. App., 144; Veith vs. City, 3 Ct. App., 262; In re. Zahn, 8 Ct. of App. Prescription does not run against the State. Const. 1913, Art. 193; Cordell vs. Quaker Realty Co., 130 La., 940.

But if it did, a tax title to property of the State is exempt from taxation, and a tax sale made without authority, cannot be the basis of prescription. Besides there is

— 303 —

no evidence that plaintiff has been in possession of said property for these years.

130 La., 940.

## II.

There was no law in 1909, authorizing the Auditor to grant a redemption certificate after the lapse of one year from the registry of the act of sale in the Conveyance Office. Sec. 62 of Act 170 of 1896.

Act 41 of 1912, p. 49 confers such power upon the Register of Land Office only.

The unauthorized act of one of its officers cannot estop the State.

130 La., 939.

## III.

The State is not estopped from the fact that after an adjudication to itself it has continued to assess property in the name of the previous owner. At any rate, the estoppel could be pleaded only by the original owner who continued in possession after the sale, and paid the taxes, or by his assigns.

Quaker Realty Co. vs. Purcell, 131 La., 496; Quaker Realty Co. vs. Labasse, 131 La., 996; Quaker Realty Co. vs. Citizens Bank, 131 La., 845; Quaker Realty Co. vs. Odom, Ct. App., Feb., 1914, No. 5968.

The title tendered is not such as a purchaser can be made to accept. It is suggestive of litigation. The judgment of the lower Court is accordingly reversed

and it is now ordered that plaintiff's suit be dismissed at his cost.

Reversed.

Opinion and decree, April 20th, 1914.

Rehearing refused, May 18th, 1914.

Writ denied, June 30th, 1914.

St. Paul. J., concurs in the decree.