———————o———————

## No. 6836.

## XETER REALTY, LTD., v. BERNARDO J. CARBAJAL.

### Syllabus.

The correct names of streets given as boundaries of a square will prevail over an error in the number of a square in a tax sale.

An error in the name of the owner in an assessment for taxes is prescribed by three (3) years, under Article 233 of the Constitution.

Plea of dual assessment will not avail in the absence of allegations of payment of the tax.

Where the owner was not in the actual possession of the property at the time of the tax sale to the State, it

will not be estopped from claiming title under a tax sale to itself by continuing to assess the property in the name of the former owner and receiving payment of taxes from him.

Appeal from the Civil District Court, Parish of Orleans, No. 104,830, Division "B"; Honorable Fred. D. King, Judge. Affirmed.

W. W. Wall, for plaintiff and appellee.

Foster, Milling, Brian & Saal, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a proceeding to quiet a tax title and auditor's deed under Act 101 of 1898; p. 127.

The petitioner alleges that on December 6th, 1905, he purchased from the State, through the auditor, acting under Sec. 3 of Act 80 of 1888, p. 88, as amended by Act 126 of 1896, p. 181, by an act registered in the Conveyance Office, on March 23rd, 1906, the following described property, viz:

> "CERTAIN LOTS OF GROUND situated in the Third District of this City in the Square No. 1640, bounded by FLORIDA, GORDON, MONROE and INDUSTRY STREETS; designated by the Nos. 2 to 9 and measuring 150 feet on FLORIDA by 70 feet deep."

That said property had been sold to the State by Chas. Cavanac, State Tax Collector for the Tax of 1882, assessed against Louis R. Servary by Act of A. A. Ker, Notary, dated March 12th, 1885.

That Bernardo J. Carbajal, defendant herein, acquired said property by Act of A. Brian, Notary, dated November 7th, 1907.

141

That three (3) years from the adoption of the Constitution of 1898 have elapsed, after which "no sale of property for taxes shall be set aside for any cause"—(under Article 233 of said Constitution), and that petitioner is entitled to judgment quieting and confirming his tax title.

The defendant pleaded the nullity of the tax sale to the State on the following grounds:

1. For want of description sufficient to identify and locate the property sold.

2. That Louis R. Servary was not the owner of the property in the year 1882.

3. That there was a dual assessment of the property in the year 1882.

4. That the State continued to assess the property in the name of other owners, after the sale to itself in 1885 and accepted payment of taxes, and therefore acknowledged the nullity of the sale and was estopped from denying title in the persons assessed and paying taxes, or from setting up title in itself.

5. That by a judgment of Court rendered November 25, 1904, all of the taxes assessed against Squares 1640 and 1641, for the years 1870 to 1900 were decreed prescribed and ordered cancelled.

There was judgment for plaintiff and defendant has appealed.

The plaintiff has admitted "All of the allegations of fact in the answer except the averment, that there was a dual assessment of the property."

One of the allegations in S. XVI was:

> "That petitioner (respondent) purchased all of said Squares Nos. 1640 and 1641 from Jacob A.

142

Reinach by Act dated May 17, 1905; and that he has had the actual physical possession of said property since his purchase thereof."

The prescription of three (3) years in favor of the State had already accrued in 1905 unless defendant's authors have been in physical possession prior thereto (134 *La.*, 1022). Of this there is no evidence in the record, and this Court will presume that the lands were unoccupied and vacant,—in the absence of evidence to the contrary (131 *La.*, 496). The burden was upon defendant to prove possession.

## I.

(a) The description in the tax deed gives the numbers of the square and of the lots, the names of the street bounding the square and, the measurement of the lots fronting FLORIDA WALK. But the defendant contends that while there is a square bounded by the streets mentioned in the tax deed, that there is an error in the number of that square; that the square with the boundaries mentioned in the tax deed is square 1641 and not square 1640 as stated in the tax sale; that there is therefore an ambiguity or uncertainty as to the square in which the lots are situated, leading to the nullity of the tax sale.

(b) There is no contention that there is another square bounded by the same streets bearing the number 1640. Therefore there can be no ambiguity as to the square sold. The boundaries will prevail over the number given a square. In the case of *Gravier v. Roche*, 5 *La.*, 441, a square of ground had been sold under execution with proper boundaries. The defendant attempted to rescind the sale on the ground that the advertisement had located the square in "FAUBOURG LACOURSE" while it was in "FAUBOURG ST. MARY." But the Court held that the error

in the location did not invalidate the sale as "there was such a square in FAUBOURG ST. MARY", and there was no allegations that there was another in "FAUBOURG LACOURSE", and therefore the error was patent and there was no uncertainty as to the thing sold.

See also *Massey v. Herman,* 7 *A.,* 352; 135 *La.,* 655, (660).

## II.

It is immaterial whether Servary was the owner or not of the lots in 1882. An error in the name of the owner is cured by the prescription of three (3) years under Article 233 of the Constitution in the absence of possession by the real owner.

> 115 *La.,* 1070; 122 *La.,* 847; 119 *La.,* 1056; 117 *La.,* 124 *La.,* 411; 125 *La.,* 663; 349, 127 *La.,* 208; 128 *La.,* 1040; 138 *La.,* 508, 527; 135 *La.,* 659; 133 *La.,* 282; 132 *La.,* 1022.

(b) The tax sales to the State are quieted by the prescription of three (3) years in the same manner as tax sales to individuals.

> 127 *La.,* 208; 138 *La.,* 508; 134 *La.,* 1022-527.

## III.

(a) If we admit that there was a dual assessment, this defense can only prevail with the additional averment of payment under one of the two assessments.

> 42 *A.,* 853 (856) ; 115 *La.,* 351; 119 *La.,* 1063; 117 *La.,* 679.

(b) The reason of the rule is that the State cannot sell property upon which the tax has previously been paid.

144

## IV.

(a) The State is not estopped in all cases by continuing to assess property in the name of the former owner after a tax sale to itself, and receiving taxes thereon.

(b) Whatever may have been said in *Pitre v. Schleslinger*, 110 *La.*, 234, and other cases to the same effect quoted by defendant the jurisprudence is now firmly established that where the owner was not in the actual physical possession of the property at the time of the Tax Sale to the State and has not continued in such possession, the State was not estopped by continuing, after the tax sale to itself, to assess the property in the name of the former owners and receiving taxes from them.

See Sec. 61 of Act 315 of 1910, p. 536.

*In re: Veith*, 130 *La.*, 1108, 1112; *Quaker Realty Co. v. Purcell*, 131 *La.*, 497; *Same v. Labasse*, 131 *La.*, 996; *Qauker Realty Co. v. Purcell*, 134 *La.*, 1022, 1030, 11 *Ct. of App.*, 88 *In re Quaker Realty Co.* There is neither proof of possession from 1885 to 1905 nor of payment of taxes in this case from 1883 to 1900.

## V.

(a) A judgment in 1904 decreeing the prescription of all taxes from 1870 to 1900 cannot effect a sale made by the tax collector to the State in 1885 for taxes of 1882. The question of sale was not before the Court, and its judgment could not affect it.

(b) On the trial of the case, the defendant pleaded the provisions of Acts Nos. 17 and 216 of 1914.

"In bar of plaintiff's demand."

(c) The first act validates judgments annulling tax sales rendered contradictorily with the tax collector and

145

the latter annuls tax deeds made to the State prior to 1880.

Neither of these questions are presented in this case.

The judgment appealed from is affirmed.

Opinion and decree, December 18, 1916.

Rehearing refused, January 9, 1917.

Writ denied, February 14, 1917.